STATE BOARD OF TAX APPEALS.

ELIZABETH H. POPE, PETITIONER, v. BOROUGH OF RED
BANK, RESPONDENT.

M. M. DAVIDSON, PETITIONER, v. BOROUGH OF RED BANK,
RESPONDENT.

Decided December 10, 1940.

For the petitioners, *Selick J. Mindes.*

For the respondent, *John S. Applegate* (by *Leon Reussille*).

QUINN, President. Respondent moves to dismiss the above-captioned appeals, (1) on the ground that the petitions of appeal do not properly set forth the action of the Monmouth County Board of Taxation, appealed from in each case, and (2) for the claimed reason that petitioners failed to prosecute sufficiently their county board appeals, whereupon, it is argued, the right to appeal to this board is lost.

The petitioners regularly filed petitions of appeal with the Monmouth County Board of Taxation, seeking reductions from the assessed valuations of certain parcels of real property situate in the respondent taxing district for the year 1939. The petitions were drawn on official forms prepared by the county board, which required the usual statement by the petitioner of the description of the property, its assessed

valuation, divided between land and improvements, and the figures to which it was sought to reduce the valuations, sworn to as petitioners' estimate of the true value of the properties. In addition to this data, however, the form expressly required that certain additional information be furnished by the petitioner, failing which, the appeal would not be considered. The petitioners herein made disclosure of the data thus required.

The appeals were set down for hearing before the county board on August 18th, 1939. There is a sharp contradiction in the proofs as to what transpired before that body. There is agreement that a Mr. Lazarus, a real estate expert, appeared before the board on behalf of petitioners when the cases were called. Lazarus and another witness testified before us that he was sworn, that he testified to the value of the properties, and requested a reduction of the assessment to conform with judgments of this board upon the properties for the year 1938; that he produced copies of such judgments, but that they were not allowed in evidence by the county board; and that a colloquy ensued as to the amount of insurance on one of the properties. The president and the secretary of the county board, and others on the other hand, testified that Lazarus had appeared before the board, stated that he had been requested to appear by Mr. Mindes, attorney for the taxpayers, but had nothing further to say, being unfamiliar with the property.

On November 1st, 1939, notices were sent by the county board to Mr. Mindes, to the effect that, "Your appeal has been considered by this Board and the valuation of your property has been Affirmed, Appeal dismissed, due to lack of prosecution." On November 10th, 1939, he wrote a letter to the board, taking exception to the phrase, "due to lack of prosecution," and expressed willingness to appear before the board and to adduce testimony, if the board were dissatisfied with the appearance made on behalf of petitioners when the case was first heard. No action was taken by the board in this connection.

The petitions of appeal before this board recite as the action of the county board appealed from, "Valuation affirmed;

Appeal dismissed." This is a sufficient compliance with the requirement of rule IV (a) of this board that the petition recite the action complained of. It was not necessary to add the phrase, "due to lack of prosecution," contained in the county board disposition of the matters. Verbiage purporting to explain a decision is not a part of the decision proper.

With respect to the second ground of the motions here argued, we find as follows: (a) The course of conduct of the petitioners and their agents, considered as an entirety, from the filing of the petitions of appeal through the final communication from Mr. Mindes to the county board, was such as to constitute a prosecution of the appeals, whatever may be said as to the vigor or force with which petitioner's position was maintained before that board.

(b) The county board judgment was appealable to this board, under either *R. S.* 54:2-39; *N. J. S. A.* 54:2-39, or *R. S.* 54:2-35; *N. J. S. A.* 54:2-35. The former provides:

"Any appellant who is dissatisfied with the judgment of the county board of taxation upon his appeal, may appeal from that judgment to the state board of tax appeals by filing a petition of appeal to the board, in manner and form to be by said board prescribed, within one month from the date fixed for final decisions by the county boards, and the state board shall proceed summarily to hear and determine all such appeals and render its judgment thereon as soon as may be."

The latter is to the effect that:

"Any action or determination of a county board of taxation may be appealed for review to the state board of tax appeals under such rules and regulations as it may from time to time prescribe, and it may review such action and proceedings and give such judgment therein as it may think proper."

Under either or both of these sections, the *action* of the county board, viewed either as an affirmance of the assessments, or as a dismissal of the appeals, was appealable to this board, and an appeal brings the entire asesssment, *de novo,* before this board, and not merely any special aspect thereof to which the county board may have confined its attention. *Public Service Railway Co.* v. *Weehawken, New Jersey Tax Reports,* 1912-1934, *p.* 407. The jurisdiction of the state

board extends not only to meritorious questions involved in county board determinations, but also to defects in jurisdiction of the county bodies. *Borough of Oradell* v. *State Board of Tax Appeals (Court of Errors and Appeals,* 1940), 125 *N. J. L.* 37; 13 *Atl. Rep.* (2d) 479. See, also, *Eleventh Ward Building and Loan Association* v. *Plainfield, New Jersey Tax Reports,* 1934-1939, *p.* 307.

The directions in the statute to county boards, requiring the holding of hearings in appeals before them, *R. S.* 54:3-22, are for the protection of the parties only, and in our opinion, may be waived by a party appellant, if he is content to rest his case before the county board upon his petition, containing his sworn statement as to the true value of the property under appeal, together with such other information as to the property as the county board may require to be endorsed upon the petition, as in this case.

County tax boards are presumably intimately conversant with local real property valuations. See *State, Weehawken* v. *Roe (Supreme Court,* 1872), 36 *N. J. L.* 86 (at *p.* 88). If a petitioner is content to rely upon that knowledge and the contents of his petition, and to forego a hearing, there arises no jurisdictional bar to the entry by the county board of a determination appealable, in turn, to this board, under either of the sections cited hereinabove.

For the reasons stated, the motions to dismiss are denied and the cases ordered placed upon the day calendar for hearing.