Plaintiff appeals from a judgment of involuntary dismissal entered by the Passaic County Court. His appeal for a reversal is based, inter alia, on two grounds, viz.: (1) that the court below erred in refusing to admit into evidence the official regulations of the Interstate Commerce Commission applicable to the issue here, and (2) that the court erred in refusing plaintiff's application to reopen his case to permit the testimony of an expert witness.
Plaintiff's action is based upon the alleged negligence of the defendant corporation in that it violated regulations of the Interstate Commerce Commission and R.S. 21:1-44, by improperly and unlawfully marking, labeling and packing certain bottles of bromine, a dangerous corrosive liquid, which he alleges was the proximate cause of his injuries. For the purpose of our determination, we deem it unnecessary to enter into a detailed factual discussion, except to state that plaintiff was an employee of Moon Carrier Corporation, a common carrier, to whom defendant delivered the case of bromine in question, together with ten other cases of bromine, for transportation to its consignee, Dow Chemical Company; that his injuries occurred when he discovered smoke emanating from the box in question at the terminal of the Moon Carrier Corporation, whereupon he pried the lid off, threw water on the smoking contents and an explosion ensued. Defendant denies plaintiff's allegations of negligence and asserts that his injuries were the result of his own careless and reckless conduct and that he *Page 124 
failed to establish a prima facie case of negligence against the defendant.
We think the court erred in refusing to give consideration to the regulations of the Interstate Commerce Commission covering the packaging, marking and labeling of bromine and defining it as a dangerous element. The court below did not file any opinion when it granted defendant's motion for an involuntary dismissal nor did it elaborate upon its reasons therefor. It merely stated "the court will grant the motion of the defendant and will grant an involuntary dismissal in accordance with Rule 3:41-2". The record here supports our view that the court did not consider the Interstate Commerce Commission's regulations in deciding the motion for an involuntary dismissal. This will appear by a consideration of the court's comment when, during the trial, plaintiff offered the regulations in evidence and upon objection to their admission by the defendant, the court stated: "I will be very glad to consider it if you contend that there has been a violation of the rules and regulations, if you will put in a form of requested charge. If you make the requested charge, I will consider it, in the event you get to the jury". It was quite apparent that plaintiff was relying partly, at least, on the regulations to support his action. Neither the court nor counsel for the defendant raised any question as to the official character of the regulations, nor was there any question as to the proper proof thereof. The only question posed by defendant and the court was their applicability to the issue before the court. The record before us is somewhat vague as to whether the shipment in question constituted an interstate transaction. The case seems to have been tried on the theory that it was an interstate shipment and we find no contention to the contrary asserted by the defendant. There is no question as to the recognition to which regulations duly promulgated by the Interstate Commerce Commission are entitled nor as to their legal effect. Lilly v. Grand Trunk Western R. Co., 317 U.S. 481
(1943). We are of the opinion that the court erred in refusing to consider the applicability of the regulations in connection with his determination of defendant's motion for involuntary dismissal. *Page 125 
We are convinced also that the court should have permitted plaintiff to offer his expert witness to testify as to the dangerous character of the bromine, notwithstanding the fact that the offer was not made until the conclusion of the argument on the motion for an involuntary dismissal. It appears from the record that plaintiff had gained the impression that the court did not intend and was not giving any consideration to the regulations of the Interstate Commerce Commission and he decided, therefore, that he should supplement his proofs by the testimony of an expert as to the dangerous character of bromine. Respondent argues that plaintiff's request was made only after counsel had advised the court that he had concluded his factual case and that the court properly refused to permit the expert to testify at that late hour in the proceedings. The plaintiff's request to reopen his case to permit the expert to testify was a reasonable one and in conformity with Rule 3:1-2, providing: "Where, however, they (the rules) will work injustice or surprise, they may be relaxed or dispensed with" (parenthesis ours), the court should not have foreclosed plaintiff's opportunity to offer such proof. The issue in question was a vital one and plaintiff should have been given the opportunity he sought to supplement his proofs. Juliano v. Abeles, 12 N.J. Misc. 667 (Sup.Ct.
1934).
We have considered the other grounds of appeal advanced by plaintiff. However, in view of our determination, we do not deem it essential to discuss them.
The judgment below is reversed, with costs, and a trial de novo is directed. *Page 126