11 N.J. Super. 385 (1951)
78 A.2d 406
CATHERINE PEPE AND ANOTHER, PLAINTIFFS-APPELLANTS,
v.
STEVE URBAN, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued January 2, 1951.
Decided January 16, 1951.
*386 Before Judges JACOBS, EASTWOOD and BIGELOW.
Mr. Harry Chashin argued the cause for the appellants (Messrs. Marcus & Levy and Hyman W. Rosenthal, attorneys).
*387 Mr. Joseph J. DeLuccia argued the cause for the respondent (Mr. A. Leo Bohl, attorney).
The opinion of the court was delivered by BIGELOW, J.A.D.
This appeal is unusual in that no consideration need be given to the facts that led to the litigation. The only matter for discussion is the court's handling of a situation arising at the trial from the failure of one of plaintiff's witnesses to appear.
The trial of the action, which was brought on account of personal injuries allegedly resulting from defendant's negligence, consumed a little more than one court day. At ten minutes before 1:00 o'clock, counsel for the plaintiff announced that he had completed the presentation of evidence on the subject of negligence; that he had subpoenaed a Doctor Crescente on the question of damages, but that he had not arrived. "His office informs me that he has been in an operation, so I am helpless without him at this stage." The court thereupon recessed for lunch. At 2:00 o'clock, the doctor had not yet arrived; so the defendant put in his case on liability and, at 3:15, rested, except for his medical testimony. The court recessed for five minutes. Counsel for plaintiff then presented an affidavit of service of the subpoena, and addressed the court:
"I have been in constant endeavor to communicate with Doctor Crescente, have spoken with his nurse two or three times since recess at one o'clock, and each time the answer has been given that the doctor has not been in touch with his office. When I spoke with her this morning, she said the doctor was in an operation which was an emergency and that he left word that he would try to be here by 12:30."
Then counsel asked the court to issue a warrant to bring in Doctor Crescente, or in the alternative to carry the case until the next morning. But the court declined: "A warrant may cause a lot of damage. * * * I think we must go on with the case. We cannot afford to lose this time." Counsel made a last motion, for a dismissal of the action without prejudice, and this, too, the court denied. Thereupon, the *388 defendant completed his case by presenting a surgeon who testified to the extent of plaintiff's injuries. The lawyers summed up; the next morning the court charged the jury; a verdict was returned for defendant, and judgment entered accordingly.
Since the jury found in favor of the defendant generally, the question of the severity of plaintiff's injuries became immaterial. And yet we think the evidence of Doctor Crescente might have been an important part of her case. The court charged the jury: "If you believe a witness is deliberately falsifying his or her testimony with regard to a material fact, you may disregard all of that witness' testimony." If the jury thought plaintiff's testimony about her injuries to have been deliberately false, they may have considered all her testimony, including her narrative of the accident, to have been unworthy of credit and have disregarded it. Plaintiff was subjected to a rigorous cross-examination about her injuries, the medical treatment which she received, and medical expenses incurred. Doctor Rubacky, who examined plaintiff in the interest of defendant 20 days after the accident, testified in substance that she had then fully recovered from the effects of the accident. "All her complaints could be readily attributed to an old arthritic process which she had throughout her body." Doctor Crescente was the man who had treated plaintiff from the day of the accident until shortly before the trial  if we believe plaintiff's testimony. She had no other physician. His corroboration would obviously have strengthened her whole case and might have produced a verdict in her favor.
The plaintiff's attorney had taken every proper step to obtain the attendance of Doctor Crescente, although defendant argues that the subpoena should have been served earlier than it was. The trial began on Tuesday morning; the subpoena had been served on Monday. On Friday mornings, it is customary to make up the trial list for the following week and we assume that was done in this case. Administrative Rule A18. But there is always some uncertainty just when an action will be reached for trial. A case ahead of it *389 on the list may unexpectedly be settled or may take longer to try than anticipated. We cannot say the attorney was negligent in waiting until Monday before serving the subpoena. Counsel states that the doctor had been told earlier of the imminence of the trial. We also note that the doctor's office was on Madison Avenue in Paterson, not far from the court house.
We think the trial judge should have granted an adjournment, or otherwise have aided plaintiff in her dilemma. Of course, the handling of problems of this sort fall within the discretion of the trial court. Heinz v. Atlantic Stages, 113 N.J.L. 321 (E. & A. 1934). The appellate court should not interfere unless it appears that appellant has suffered an injustice. Wait v. Krewson, 59 N.J.L. 71 (Sup. Ct. 1896). "The inquiry in all cases is whether injustice has been done." Ogden v. Gibbons, 5 N.J.L. 612 ([*]518), at 626 ([*]531) (Sup. Ct. 1819). In our opinion, the substantial rights of plaintiff were infringed by the action of the court, as a result of which she was unable fully to present her case. A new trial should be granted. Carlo v. Okonite Cable Co., 2 N.J. Super. 122 (App. Div. 1949); affirmed, 3 N.J. 253 (1949). We must never forget that courts exist for the sole purpose of rendering justice according to law. No eagerness to expedite business, or to utilize fully the court's time, should be permitted to interfere with our high duty of administering justice in the individual case.
The judgment is reversed. Costs will abide the outcome of the new trial.