109 N.J. Super. 540 (1970)
264 A.2d 91
DAVID A. VEEDER, ET AL., PETITIONERS-RESPONDENTS,
v.
TOWNSHIP OF BERKELEY, RESPONDENT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued February 9, 1970.
Decided April 15, 1970.
*542 Before Judges KILKENNY, LABRECQUE and LEONARD.
Mr. William J. Kearney argued the cause for appellant (Messrs. Ewart, Lomell, Adler & Kearney, attorneys).
*543 Mr. Martin P. Gertner argued the cause for respondents David A. Veeder et al. (Messrs. Veeder & Privitera, attorneys).
Mr. Arthur J. Sills, Attorney General of New Jersey, filed a statement in lieu of brief on behalf of respondent Division of Tax Appeals; Mr. Stephen Skillman, Assistant Attorney General, of counsel.
The opinion of the court was delivered by LABRECQUE, J.A.D.
In these consolidated appeals the Township of Berkeley (the taxing district) appeals from judgments of the Division of Tax Appeals (the Division) reducing the assessed valuations of some 20 parcels of real estate owned by petitioners.
The facts are uncomplicated and not seriously in dispute. Petitioners filed timely appeals to the Ocean County Board of Taxation seeking reductions in the assessment on each parcel. The matter was scheduled for hearing on September 8, 1966 at 1 P.M. at the Berkeley Township Municipal Building, Route 9, Bayville, pursuant to notice. On that day the attorney who was to try the case for petitioners, through inadvertence, failed to appear at the hour appointed. The omission was detected by one of his associates at 1:30 P.M. whereupon a call was placed to the tax assessor's office in Bayville advising that the attorney was on the way. When he arrived some 15 minutes later he was informed by the tax assessor that the county board had adjourned for the day at 1:30 P.M. after "dismissing" the appeals for lack of prosecution.
Petitioners thereupon prepared and filed a petition, supported by the attorney's affidavit as to the foregoing facts, praying that the appeals be relisted for hearing at the board's earliest convenience. By letter dated October 11, 1966 the board advised that it "reaffirmed" its decision to dismiss the appeals for lack of prosecution. Finally, on November 14, 1966 judgments were entered dismissing *544 the appeals as to each property. Each judgment bore the notation "Dismissed  No Appearance."
The taxpayers thereupon filed timely appeals to the Division. We are not clear as to whether the Division initially declined to entertain them or merely suggested that an action in lieu of prerogative writs be filed to compel the county board to hear them. In any event, the taxpayers attempted to pursue the latter course but their complaint was dismissed on the ground that the action was out of time.
Thereafter the appeals were listed for hearing before a judge of the Division. At the hearing there was a motion to dismiss the appeals on the ground that the Division was without jurisdiction to hear them since they had been dismissed in the county board for lack of prosecution. N.J.S.A. 54:2-39. The motion was denied and at the hearing on the merits each petition was amended to set forth the true value of each parcel to be the value (somewhat higher) agreed upon by the parties in settlement of the 1967 assessments on the same parcels. Following the hearing judgments were entered reducing the assessments to coincide with such valuations. The taxing district thereupon appealed, challenging both the Division's jurisdiction to hear the appeals and the sufficiency of the proofs to justify the reductions granted.
The taxing district urges that since the judgments of the county board were based upon the petitioners' failure to prosecute the appeals, the Division of Tax Appeals was without jurisdiction to entertain the appeals from the county board's action. It relies upon N.J.S.A. 54:2-39 which provides:
Any appellant who is dissatisfied with the judgment of the county board of taxation upon his appeal may appeal from that judgment to the Division of Tax Appeals in the Department of the Treasury by filing a petition of appeal to the division, in manner and form to be by said division prescribed, on or before December 15 following the date fixed for final decisions by the county boards, and the division shall proceed summarily to hear and determine all such appeals and render its judgment thereon as soon as may be.
*545 but:
No appeal * * * shall lie to the Division of Tax Appeals in the Department of the Treasury where the appeal to the county board of taxation has been (a) withdrawn at the hearing, or previously thereto in writing by the appellant or his agent; (b) dismissed because of appellant's failure to prosecute the appeal at a hearing called by the county tax board; (c) settled by mutual consent of the taxpayer and assessor of the taxing district. This provision shall not preclude an appeal to the Division of Tax Appeals in the Department of the Treasury in the event that the appeal was "dismissed without prejudice" by the county board of taxation.
It would appear clear that if, in truth, there is a failure to prosecute an appeal before the county board which justifies dismissal, there may be no further appeal to the Division. However, whether there had been such a failure involves a question of fact. A mere recital to that effect in the county board's judgment is no more conclusive on appeal than its finding on any other matter committed to its jurisdiction.
We are satisfied that the Division was vested with jurisdiction to hear the appeals and to determine, de novo, whether there had been a failure to prosecute within the intendment of N.J.S.A. 54:2-39 and whether the dismissal for that reason was proper. The legislative scheme contemplates an administrative review of assessed valuations, on appeal by either the taxpayer or the taxing district, first in the county board of taxation and thereafter in the Division of Tax Appeals. Hackensack Water Co. v. Division of Tax Appeals, 2 N.J. 157 (1949); J.H. Becker, Inc. v. Marlboro Tp., 82 N.J. Super. 519, 529-530 (App. Div. 1964). The Division is not restricted to reviewing the county board's findings as to valuation. It is vested with jurisdiction to review any action or determination by the board. N.J.S.A. 54:2-35. Oradell v. State Board of Tax Appeals, 125 N.J.L. 37 (E. & A. 1940); Rek Investment Co. v. Newark, 80 N.J. Super. 552 (App. Div. 1963); Pope v. Red Bank, 19 N.J. Misc. 383, 385, 19 A.2d 208 (Div. Tax App. 1940). Here the county board's judgment dismissing *546 each of the appeals for lack of prosecution was such an action or determination and was properly cognizable by the Division.
Implicit in the judgment of the Division was a finding, with which we are in agreement, that the appeals were improperly dismissed by the county board. The uncontradicted facts, as revealed by the sworn affidavit of petitioners' counsel, clearly support such a finding. Petitioners were at all times desirous of proceeding with their appeals. At most, their attorney was late in arriving at the place fixed for the hearing. The board was made aware of the true situation and requested, well within the period limited by statute for the hearing of appeals, to fix a new date. We are advised of no reason why it declined to do so. The dismissal of an appeal for failure to prosecute is a drastic step and ordinarily should not be invoked unless it is clear that the conduct of the offending party is deliberate. Cf. Allegro v. Afton Village Corp., 9 N.J. 156, 160-161 (1952). While the expedition of the business of the board and full utilization of its time was highly to be desired, the duty of administering justice in each individual appeal was not to be lost sight of as the board's paramount objective. Id., at 161. If the board found itself unable to conveniently reschedule the appeals, they could have been "dismissed without prejudice" and thereafter heard by the Division pursuant to N.J.S.A. 54:2-39.
N.J.S.A. 54:2-35 authorizes the Division not only to review any action or determination of a county board but to "give such judgment therein as it may think proper." Thus the Division, if it found that the appeals had been erroneously dismissed, was charged with the duty of disposing of them on the merits. At the hearing on the merits petitioners would have been required to adduce proofs sufficient to overcome the presumption of correctness which attaches to a county board judgment. Riverview Gardens, Section One v. North Arlington, 9 N.J. 167, 174-175 *547 (1952); City of Passaic v. Botany Mills, 72 N.J. Super. 449, 454 (App. Div. 1962), certif. den. 37 N.J. 231 (1962).
The taxing district urges that here such proofs were entirely lacking and the presumption in favor of the county board's judgments required that the appeals be dismissed and the assessments affirmed. We disagree. It appears without dispute that the parties had entered into an agreement of settlement as to the 1967 assessments. As noted, following denial of the taxpayers' motion to dismiss each of the petitions was amended to call for a smaller reduction to coincide with the 1967 settlement, and judgments were entered reducing the assessments to the amended figures. While we are assured by counsel for the taxing district that these were not consent judgments, we find no objection in the record to the procedure followed and conclude that the judge of the Division, as well as the attorney for the taxpayers, may well have been misled into believing that, in lieu of taking testimony, there was no objection to reductions to the 1967 figures. In view of the uncertainty, we incline to the view that the ends of justice will best be served by a remand to the Division for the purpose of taking such proofs as the parties may care to submit on the issue of valuation, having in mind that the burden of proof is on petitioners to justify the reductions sought. It is suggested in the interest of expedition that the taxing district determine and advise the Division promptly whether it desires a hearing on the merits or is satisfied to have the Division adopt the 1967 figures.
The judgment of the Division of Tax Appeals is accordingly modified and, as modified, is remanded for further proceedings in accordance with this opinion. We do not retain jurisdiction.
No costs.