LARIO, J.T.C.
This is a motion by defendant for summary judgment to dismiss plaintiff’s appeal from a judgment of the Cumberland County Board of Taxation. Defendant’s motion is based upon its claim that this court lacks jurisdiction in that plaintiff’s petition of appeal to the county board was dismissed for lack of prosecution.
Plaintiff S.A.I.J. Realty, Inc., a New Jersey corporation, filed a petition of appeal with the county board for a reduction of the assessment placed by Upper Deerfield Township on plaintiff’s real property listed on defendant’s tax map as Block 129, Lot 3.
On September 23, 1982 the county board issued a judgment setting forth assessment figures identical to those of the original assessment. Listed on the judgment was the following statement: “Memorandum explaining basis for judgment — Code # 2.” Code # 2, referred to in the judgment, is a dismissal for lack of prosecution and is cited as “no appearance.”
Defendant’s motion to dismiss is made pursuant to N.J.S.A. 54:2-39, which provides in pertinent part:
Any party who is dissatisfied with the judgment of the county board of taxation upon his appeal may seek review of that judgment in the Tax Court
If the Tax Court shall determine that the appeal to the county board of taxation has been ... (b) dismissed because of appellant’s failure to prosecute the appeal at a hearing called by the county tax board .. . there shall be no review.
The uncontradicted material facts relating to this motion are as follows.
In April 1982 plaintiff received a notice that the subject property was reassessed for the 1982 tax year. Since the new assessment allegedly constituted a “substantial increase” over previous years’ assessments, plaintiff’s representative, Thomas J. Moore, contacted the township assessor to discuss the assessment. Between the date of their first conversation and September 23, 1982, the date of the county board’s hearing, Moore and the assessor had various discussions concerning the value of the *295 subject property, the various approaches to valuation and the possibility of some form of settlement. In one of their last discussions, prior to the hearing date, the assessor indicated to Moore that he should appear at the hearing with the information he had relative to the assessment.
On the hearing date Moore appeared on behalf of plaintiff and, during a break in the proceedings of other scheduled cases, he further discussed with the assessor plaintiff’s appeal.
When plaintiff’s case was called by the county board Moore appeared on plaintiff’s behalf. At that point counsel for the township moved to dismiss plaintiff’s appeal because plaintiff was a corporation and it was not represented by an attorney-at-law admitted to practice in the State of New Jersey. Moore requested a continuance in order to secure and appear with an attorney; however, the county board denied the request and granted the township’s motion, thereby dismissing plaintiff’s appeal.
Shortly thereafter Moore met with an attorney-at-law of New Jersey, who was in the building at the time and who agreed to represent the corporation before the county board. Moore and plaintiff’s newly-appointed counsel immediately returned to the hearings before the county board had adjourned for the day. Plaintiff’s attorney at that time indicated on the record that she represented the corporation and was prepared to proceed with the appeal. She moved that the county board set aside the dismissal, but her motion was denied. Therefore, plaintiff filed the instant appeal.
Defendant’s position is that the board’s judgment of dismissal of plaintiff’s petition for “no appearance” is conclusive, and pursuant to N.J.S.A. 54:2-39 this court is without jurisdiction to review the action of the board; therefore, this court should likewise dismiss plaintiff’s complaint. Defendant’s contention in this regard (that this court does not have the power to review the county board’s action in dismissing the petition of appeal before it for “no appearance”) is incorrect.
*296 N.J.S.A. 54:2-39, prior to its amendment, provided that “[n]o appeal, however, shall lie to the Division of Tax Appeals in the Department of the Treasury where the appeal to the county board of taxation has been ... (b) dismissed because of appellant’s failure to prosecute the appeal at a hearing called by the county tax board.”
Our Appellate Division had occasion to interpret this statute, prior to its amendment, in Veeder v. Berkeley Tp., 109 N.J.Super. 540, 264 A.2d 91 (App.Div.1970), wherein it held (at 545, 264 A.2d 91) that “the Division[1] was vested with jurisdiction to hear the appeals and to determine, de novo, whether there had been a failure to prosecute within the intendment of N.J.S.A. 54:2-39 and whether the dismissal for that reason was proper.” The court further declared “whether there had been such a failure [to prosecute] involves a question of fact. A mere recital to that effect in the county board’s judgment is no more conclusive on appeal than its finding on any other matter committed to its jurisdiction.” Ibid.
By L.1979, c. 114 § 6, effective July 1, 1979, N.J.S.A. 54:2-39 was amended to provide that “[i]f the Tax Court shall determine that an appeal to the county board of taxation has been ... (b) dismissed because of appellant’s failure to prosecute the appeal at a hearing called by the county board .. . there shall be no review.” By the adoption of this amendment it is clear that the Legislature intended to affirm and explicitly provide that the interpretation placed upon this section by Veeder was correct, thereby removing any ambiguity. The amendment requires that in order for this court to be deprived of jurisdiction to review an appeal on the merits of the complaint, on the ground that the petition of appeal before the county board was dis *297 missed because of appellant’s failure to prosecute the appeal, this court must first make a determination to that effect. In order for this court to make that determination it must of necessity review and examine the facts that occurred before the county board in order to determine the propriety of the board’s action.
Defendant points out that the instructions for preparing petitions of appeal issued by the Cumberland County Board of Taxation include the following: “Corporations Represented by Attorney — In the event the petitioner is a corporation, its appeal must be prosecuted by an Attorney-At-Law admitted to practice in the State of New Jersey.” From the affidavits submitted it does not appear whether plaintiff or Moore had knowledge of this county board rule. The original petition of appeal filed with the Cumberland County Board of Taxation has listed thereon a space for the “name, telephone number and address of attorney-or person to be notified of hearing and judgment.” Inserted therein was the name of Thomas J. Moore, followed by plaintiff’s name, address and telephone number.
In the affidavits filed on behalf of plaintiff it is alleged by Moore that the assessor knew that Moore was not an attorney-at-law and at no time during their discussions did he ever indicate to Moore that plaintiff was required to be represented by an attorney-at-law at the county board hearing. On the contrary, it is claimed the assessor indicated to Moore that he should appear at the county board hearing with whatever information he had, implying that Moore would have a right to present this information to the board. This allegation was not refuted.
Although the petition of appeal filed with the county board contained Moore’s name as the party to be notified on behalf of plaintiff and although it is obvious therefrom that he was not listed as an attorney-at-law, the county board did, in fact, send the notice of the hearing date to Moore, but it did not call Moore’s attention to its rule 7 requiring an appearance by an attorney.
*298 On the date of the hearing Moore was in attendance for the full day and on this date he had discussions with the assessor concerning plaintiff’s case, at which time it was apparent that he did not have an attorney-at-law of New Jersey with him. At no time on this date, prior to the time plaintiff’s case was called, was he advised that an objection would be made to his appearing on behalf of the corporation.
In Veeder, supra at 546, 264 A.2d 91, the Appellate Division characterized the dismissal of a tax appeal before the county board as a “drastic step” and stated that it “should not be invoked unless it is clear that the conduct of the offending party is deliberate.”
There is no question but that plaintiff was, at all times, desirous of prosecuting this appeal and that its representative, Moore, appeared before the board on the return hearing date for this purpose. After a request for an adjournment to obtain counsel was denied, Moore immediately proceeded to obtain an attorney on behalf of plaintiff, and did so the same day, returning before the board had adjourned for that day. The newly-acquired attorney moved to set aside the dismissal and was prepared to proceed. These actions do not warrant a conclusion that plaintiff had failed to prosecute its petition of appeal.
It is clear that plaintiff’s conduct was not such as to warrant dismissal of its complaint. The instruction for filing an appeal with the board requiring that an attorney represent a corporation may or may not have been overlooked; however, the fact remains that Moore was under the belief, although mistaken, that he could appear on behalf of plaintiff. That this belief was erroneous was not brought to his attention by either the county board’s notice of hearing or by the assessor. Surely, Moore’s mistaken belief is not of such a deliberate and contemptuous nature as to warrant dismissal of plaintiff’s claim.
While expeditious disposition of cases and full utilization of time is highly desired, the duty of administrating justice in each case is paramount. Allegro v. Afton Village Corp., 9 N.J. 156, *299 161, 87 A.2d 430 (1952); Veeder, supra at 546, 264 A.2d 91; Pepe v. Urban, 11 N.J.Super. 385, 389, 78 A.2d 406 (App.Div.1951). There were several options, all less harsh than dismissal for failure to prosecute, available to the county board. It could have granted the adjournment since it did not lose jurisdiction until November 15, 1982, or if it had no adjournment dates available, it could have permitted plaintiff’s newly-acquired attorney to present its case. If time constraints prohibited a hearing that day and no adjournment dates were available prior to November 15, it could have dismissed plaintiff’s appeal without prejudice, thereby entitling plaintiff to file an appeal with the court.
From the above facts it is concluded that the plaintiff’s action did not constitute a failure to prosecute its appeal as contemplated by N.J.S.A. 54:2-39(b); therefore, defendant’s motion to dismiss plaintiff’s appeal is denied.

Division refers to the Division of Tax Appeals which was abolished on December 31, 1979, L.1978, c. 33, and was replaced by the Tax Court. N.J.S.A. 2A:3A-1 et seq. N.J.S.A. 2A:3A-27 provides that “[wjhenever in any law, ... judicial or administrative proceedings, or otherwise, reference is made to the Division of Tax Appeals .... the same shall be considered to mean and refer to the tax court established under this act.”