206 N.J. Super. 405 (1986)
502 A.2d 1183
AUDUBON VOLUNTEER FIRE COMPANY NO. 1, PLAINTIFF-RESPONDENT,
v.
CHURCH CONSTRUCTION CO., INC. AND NICHOLAS LA ROSA, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Submitted December 16, 1985.
Decided January 10, 1986.
Before Judges FURMAN, COHEN and ASHBEY.
Robert E. Bailey attorney for appellants.
No brief was filed on behalf of respondent.
The opinion of the court was delivered by COHEN, J.A.D.
This is an action for damages of $3,369 for defective flooring installed by defendant at plaintiff's premises, and for treble damages for consumer fraud. The details are unimportant except to say that both parties had meritorious cases to be considered.
The complaint was served in September 1983. Counsel agreed on an extension of time to answer. Communications and meetings were held in an effort to settle the matter. In *406 June 1984, plaintiff finally decided that defendants' offers were insufficient and "to move forward" with the case. Plaintiff's counsel so advised defendants' attorney on June 6 and suggested preparation of a consent order extending the time for answer. Such an order was prepared, signed by plaintiff's counsel, and sent to the court in August 1984. The court responded that it required a formal motion, which was made in September 1984 and was not opposed. Accompanying documents explained the situation. There was no hint that plaintiff was prejudiced by the delay or that plaintiff did not freely accede to it during the months of negotiations. In December 1984, not having received an executed order or otherwise heard from the court, defendants' counsel wrote to the court. He was then told by telephone that his motion was denied.
Plaintiff then obtained a default, and a proof hearing was scheduled. Defendants unsuccessfully sought to vacate the default, and then filed a premature notice of appeal; the proof hearing was nevertheless held, and a judgment (apparently for treble damages) was entered for $8,000. Defendants then filed an amended notice of appeal. Before us, plaintiff has declined to file a brief in support of its judgment.
We appreciate the desirability of the prompt disposal of cases. Courts should not forget, however, that they merely provide a disinterested forum for the just resolution of disputes. Ordinarily, the swift movement of cases serves the parties' interests, but the shepherding function we serve is abused by unnecessarily closing the courtroom doors to a litigant whose only sin is to retain a lawyer who delays filing an answer during settlement negotiations. Eagerness to move cases must defer to our paramount duty to administer justice in the individual case. Pepe v. Urban, 11 N.J. Super. 385, 389 (App.Div. 1951); Allegro v. Afton Village Corp., 9 N.J. 156, 161 (1952); Nadel v. Bergamo, 160 N.J. Super. 213, 218 (App.Div. 1978). Expedition, in Judge Jayne's words, "must supplant *407 languor, but never at the expense of justice." Amo v. Genovese, 17 N.J. Super. 109, 111 (App.Div. 1951).
There are ways short of dismissal or default to deal with slowdowns which cost a party money, waste the lawyers' time, prejudice a plaintiff's ability to collect a judgment or a defendant's ability to defend against one, or unjustifiably consume judicial resources. See, for example, R. 1:2-4 (failure to appear or comply with briefing rules); R. 1:4-8 (attorney's responsibility for the content of pleadings); R. 2:6-9 (inadequate briefs); R. 2:9-9 (failure to properly prosecute or defend appeal); R. 4:14-8 (failure to attend depositions); R. 4:17-5 (frivolous or delaying conduct regarding interrogatories); R. 4:23-2 (failure to make discovery); R. 4:37-4 (payment of costs of previously dismissed action); R. 4:46-5 (affidavits submitted in bad faith); R. 1:1-2 (court may proceed, in the absence of rule, in any manner compatible with purposes of securing a just determination, simplicity in procedure, fairness in administration and elimination of unjustifiable expense and delay). Cf. Kohn's Baker, Inc. v. Terracciano, 147 N.J. Super. 582 (App.Div. 1977); Atkinson v. Pittsgrove Tp., 193 N.J. Super. 23 (Ch.Div. 1983). Until courts have exhausted means of performing their shepherding function which do not terminate or deeply affect the outcome of a case, they ought not to bar a litigant's way to the courtroom.
As Justice Potter Stewart said while sitting on the U.S. Court of Appeals:
The prompt and vigorous administration of the ... law is to be commended and encouraged. But swift justice demands more than just swiftness. [Henderson v. Bannan, 256 F.2d 363, 390 (dissent) (6 Cir. 1958)].
The denial in the present case of defendants' unopposed motion to permit late filing of an answer was, in our view, a mistaken exercise of discretion.
Reversed and remanded for proceedings consistent herewith, commencing with the entry of an order by the trial court permitting defendants to file an answer.