277 N.J. Super. 347 (1994)
649 A.2d 898
RUTHERFORD REALTY ASSOCIATES, PLAINTIFF-APPELLANT,
v.
BOROUGH OF RUTHERFORD, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued November 7, 1994.
Decided November 30, 1994.
*348 Before Judges DREIER and VILLANUEVA.
Alan R. Hammer argued the cause for appellant (Brach, Eichler, Rosenberg, Silver, Bernstein, Hammer & Gladstone, attorneys; Mr. Hammer, of counsel; Mr. Hammer, Michael I. Schneck and David L. Wecht, on the brief).
Kathy Rohr, Senior Deputy Attorney General argued the cause for respondent Superior Court (Deborah T. Poritz, Attorney General, attorney; Andrea M. Silkowitz, Assistant Attorney General, of counsel; Ms. Rohr on the brief).
The Borough of Rutherford did not file any brief or participate in this appeal.
PER CURIAM.
Plaintiff appeals from two $500 sanctions imposed by the Tax Court judge, alleging that the judge abused his discretion by not granting plaintiff's request to adjourn the first trial date and thereafter imposing these sanctions as a precondition for reinstatement. We reverse.
Plaintiff, Rutherford Realty Associates, owns an office building located at 71 Union Avenue, Rutherford, New Jersey. On or about March 4, 1992, plaintiff filed a direct appeal to the Tax Court of New Jersey challenging the assessment of the property for tax year 1992.
The Clerk of the Tax Court assigned this appeal to a Tax Court judge who advised the parties by letter dated August 7, 1992, that the trial of the case would be held on January 14, 1993.[1] The parties were not prepared to dispose of the matter on the first "trial" date, and a case management conference was held by judge on January 14, 1993 that was attended by counsel for both parties.
*349 The case management order provided that "[c]ounsel agree that any adjournments will be subject to [the judge's] written guidelines on adjournments dated March 1992." In these guidelines the judge established the "Policy Regarding Adjournments After The Initial Trial Date (Case Management Conference) in Local Property Tax Matters." The judge's express policy provides, in pertinent part, that all adjournment requests must be in writing and "must be received in chambers at least ten (10) days before the scheduled trial date." The policy warns counsel that "no further adjournments will be granted except for good cause," and that failure to comply with court orders and court rules may result in dismissal of the case, suppression of expert testimony, or sanctions in accordance with the court rules.
At the time of the conference, plaintiff's attorneys designated an expert appraiser for trial. However, during the course of the litigation, this appraiser indicated that he would not be able to prepare an appraisal report on the subject property. Therefore, plaintiff had to retain another expert. Plaintiff informed its attorneys that a few months earlier another appraiser, John Cito, prepared an appraisal report on the subject property for an unrelated matter. Plaintiff then retained Cito, who assured the attorneys that he could deliver a report for the Tax Court litigation in a timely manner. However, despite the attorneys' continuous efforts to obtain the report, Cito did not deliver his report on the promised date.
On June 28, 1993, Cito for the first time informed plaintiff's attorneys that he would be out of town on the day of trial. Due to the expert's unavailability, plaintiff had no choice but to seek an adjournment. Later that same day, after obtaining the adversary's consent, plaintiff's attorneys forwarded a letter to the judge requesting a short adjournment. The judge summarily denied the request because the application was not timely and the reasons given were inadequate, stating, "This case will be settled, tried, or dismissed on July 1, 1993." This was the first real trial date.
*350 Despite this pressure on the taxpayer to resolve its appeal, the attorneys for the parties reached a tentative settlement on the eve of trial. When presented with the offer later that evening, the plaintiff rejected the proposal.
When the attorneys appeared before the Tax Court on the trial date, plaintiff's attorney repeated his request for an adjournment. Defendant's attorney did not object. The judge, however, denied the request and dismissed the appeal by judgment dated July 20, 1993. The judge found that there had not been compliance with R. 8:6-1(b)(1) because an expert report had not, as required, been submitted to the court no later than ten days before the July 1, 1993 trial date. We note, however, that the defendant municipality's report also had not been submitted. The judge found no exigent reasons for granting the application, and accordingly, denied the request for adjournment. Because plaintiff was not prepared to move its case without an expert or an appraisal, the judge dismissed the tax appeal.
Plaintiff filed a Motion for Reconsideration returnable August 13, 1993, seeking to reinstate the matter to the Tax Court calendar. The judge granted the motion by order dated September 3, 1993, on the condition that plaintiff pay penalties totalling $1,000: $500 for failing to inform the court and the defendant of its change in expert appraisers, and an additional $500 for failing to provide the defendant and the court with a copy of its appraisal report within the time limits imposed by the Rules of the Tax Court and the Case Management Order in this case.[2] No trial date has ever been scheduled for the reinstated tax appeal.
On appeal, plaintiff argues that the Tax Court judge abused his discretion by not granting the plaintiff's request to adjourn the *351 first trial date and thereafter imposing fines as a precondition for reinstatement.
"While expeditious disposition of cases and full utilization of time is highly desired, the duty of administrating justice in each case is paramount." S.A.I.J. Realty, Inc. v. Upper Deerfield Township, 5 N.J. Tax 292, 298-99 (Tax 1983) (citing Allegro v. Afton Village Corp., 9 N.J. 156, 161, 87 A.2d 430 (1952)); see also, Veeder v. Township of Berkeley, 109 N.J. Super. 540, 546, 264 A.2d 91 (App.Div. 1970); Pepe v. Urban, 11 N.J. Super. 385, 389, 78 A.2d 406 (App.Div. 1951).
In Veeder and S.A.I.J. Realty, a major factor considered by the Appellate Division and the Tax court was whether the property owners in fact desired to proceed with their appeals or whether they had abandoned their causes. In both cases, the courts found that the "[p]etitioners were at all times desirous of proceeding with their appeals." Veeder, 109 N.J. Super. at 546, 264 A.2d 91; S.A.I.J. Realty, 5 N.J. Tax at 298. This simple finding far outweighed the desire to expedite the business of the board, Veeder, 109 N.J. Super. at 546, 264 A.2d 91, and therefore the facts did not support the "drastic step" of dismissal. S.A.I.J. Realty, 5 N.J. Tax at 298.
Similarly, the taxpayer herein at all times intended to proceed with its appeal. Plaintiff's attorneys made a reasonable effort to insure the preparation and delivery of the appraiser's report, but, through no fault of plaintiff or its attorney, the report was not completed and the appraiser was not available at the time of the first trial date. Even if the municipality had had its report ready, which it did not, a short adjournment would have permitted the trial to proceed.
Because the defendant also did not have its report prepared at the time of the first real trial date, it also needed additional time to do so. In fact, the defendant's sole concern at the Motion for Reconsideration was scheduling the reinstated trial so that its expert would have sufficient time to prepare the report. It *352 appears that the defendant's attorney may have been more culpable than plaintiff's attorney (if he was in fact culpable).
The court system exists to administer justice, not merely to satisfy the court's desire to dispose of cases on its calendar. Courts exist to serve the public through counsel, not vice versa. The administration of the court's calendar with blind rigidity cannot take priority over a party's constitutional right to contest its assessment. We recognize that both the Tax Court rules and the general rules permit sanctions for an irresponsible request for an adjournment or for the failure to appear. However, that is not what happened here.
Our Supreme Court has directed the Tax Court to be sensitive to the cost and expense of litigation. In Glen Wall Associates v. Wall Township, 99 N.J. 265, 284, 491 A.2d 1247 (1985), the Court held that "[t]he Tax Court's decision places an onerous burden on the taxpayer and ignores the time and expense such a burden imposes on a litigant. In this day of rising litigation expenses, it is important for the courts to adopt reasonable limits on what is to be expected of a litigant in presenting his case through the use of an expert." The judge's ruling herein created the very hardship that the Supreme Court carefully sought to avoid.
In Connors v. Sexton Studios, Inc., 270 N.J. Super. 390, 637 A.2d 232 (App.Div. 1994), we considered the right of a litigant to have his or her day in court. Because of traffic problems, the plaintiff arrived late on the trial date. Id. at 392, 637 A.2d 232. As he approached the court room, he met his adversary in the hallway and was informed that his case had been dismissed. Ibid. The judge thereafter refused to restore his case. Id. at 392-93, 637 A.2d 232. We reversed the trial court's decision, stating, "In any event, the dismissal remedy ... should not be invoked except in the case of egregious conduct on the part of a plaintiff, and should generally not be employed where a lesser sanction will suffice." Id. at 393, 637 A.2d 232.
We further admonished the trial court's dismissal, and stated, "We reiterate to the trial judge that not only are procedural *353 dismissals with prejudice generally unwarranted in situations such as this, but procedural dismissals themselves are not favored." Id. at 395, 637 A.2d 232.
The "drastic step" of dismissal "should not be invoked unless it is clear that the conduct of the offending party is deliberate." Veeder, 109 N.J. Super. at 546, 264 A.2d 91. As Judge Cohen opined in Audubon Volunteer Fire v. Church Construction Co., 206 N.J. Super. 405, 406-07, 502 A.2d 1183 (App.Div. 1986),
Eagerness to move cases must defer to our paramount duty to administer justice in the individual case.... There are ways short of dismissal or default to deal with slowdowns which cost a party money, waste the lawyers' time, prejudice a plaintiff's ability to collect a judgment or a defendant's ability to defend against one, or unjustifiably consume judicial resources.... Until courts have exhausted means of performing their sheperding function which do not terminate or deeply affect the outcome of a case, they ought not to bar a litigant's way to the courtroom.
[citations omitted].
Instead, the judge invoked the extreme measure of dismissal in the first instance. A short adjournment of the first trial date would not have prejudiced either party, and would have obviated the needless expense, preparation and delay caused by the reinstatement process. Under the guise of promoting judicial economy, the judge dismissed the appeal outright, compelling plaintiff to file its Motion for Reconsideration. In effect, the judge's decision caused the very undue delay, expense and use of court time that he sought to avoid.
Reversed, sanctions vacated and remanded for an early trial.
NOTES
[1] The notice from the Clerk of the Tax Court sets the trial date. However, that date is not considered a trial date by any of the concerned parties, including the judge himself.
[2] The order further provided that plaintiff "will pay to counsel for defendant  on formal application supported by appropriate affidavits  the costs of the defendant occaised [sic] by plaintiff's failure to comply with the procedural rules and deadlines imposed by court rule and specific order in this case." The record does not indicate that defendant ever attempted to enforce this portion of the order so we assume that defendant has not sought enforcement of it.