KUSKIN, J.T.C.
Plaintiffs petitions of appeal filed with the Sussex County Board of Taxation (the “Board”) were dismissed for failure to prosecute. Plaintiff filed a complaint with the Tax Court, and defendant has moved to dismiss such complaint. The motion is based upon the following provisions of N.J.S.A. 54:51A-l(c)(2):
*416 If the tax court shall determine that the appeal to the county board of taxation has been ... dismissed because of appellant’s failure to prosecute the appeal at a hearing called by the county tax board ..., there shall be no review. This provision shall not preclude a review by the tax court in the event that the appeal was “dismissed without prejudice” by the county board of taxation.
Plaintiffs appeals were scheduled for hearing before the Board on May 10,1995. On May 9,1995, plaintiff submitted its appraisal by telefax to the Board, the attorney for Hamburg and the borough tax assessor. On May 10, 1995, plaintiffs attorney appeared before the Board with plaintiffs appraiser and, at the commencement of the hearing, requested an adjournment. Defendant then moved to dismiss the appeals “with prejudice” because plaintiffs appraisal report was submitted in violation of N.J.A.C. 18:12A-1.9(h) which requires appraisal reports to be furnished “at least one week prior to the hearing.” Although the transcript of the proceedings before the Board reveals that the terminology “failure to prosecute” was not used by defendant’s attorney, N.J.S.A 54:51A-l(c)(2) was clearly the basis for the motion. In response to such motion, plaintiffs appraiser offered an explanation as to why the appraisal was late. After hearing this explanation, the Board granted defendant’s motion.
Under N.J.S.A 54:51A-1(c) the Tax Court has the authority to review a county board of taxation dismissal for failure to prosecute. Veeder v. Berkeley Tp., 109 N.J.Super. 540, 546, 264 A.2d 91 (App.Div.1970); S.A.I.J. Realty, Inc. v. Upper Deerfield Tp., 5 N.J.Tax 292, 296-297 (Tax 1983). Veeder sets forth the following standard to be applied in such review: “The dismissal of an appeal for failure to prosecute is a drastic step and ordinarily should not be invoked unless it is clear that the conduct of the offending party is deliberate.” Veeder, 109 N.J.Super. at 546, 264 A.2d 91. S.A.I.J. Realty requires “deliberate and contemptuous” conduct to justify such a dismissal. S.A.I.J. Realty, 5 N.J.Tax at 298.
VSH Realty, Inc. v. Harding Tp., rev’d, 291 N.J.Super. 295, 677 A.2d 274 (App.Div.1996) holds that, where a county board of taxation (pursuant to its obligation under N.J.S.A 54:3-26 to *417 “hear and determine” all appeals filed before it) requires a hearing, the taxpayer is subject to dismissal for failure to prosecute if the taxpayer does not provide “some proof of value”. Id. at 385. This proof requirement derives from the statutory mandate that appeals of assessments of $750,000 or less be filed with the county board of taxation. The statutory purpose is served only if such appeals are “heard in a meaningful manner by the county tax board.” Ibid.
Concomitant with the prerogative of county boards of taxation to require “meaningful” hearings is the responsibility to exercise such prerogative in a manner which protects a taxpayer’s access to such a hearing. VSH Realty is not inconsistent with this principle. Judge Lasser did not hold that, in order to fulfill the statutory purpose of N.J.S.A 54:3-26, a county board of taxation must require a taxpayer to proceed on the scheduled hearing date and may not grant adjournments. Indeed, Judge Lasser specifically noted that the taxpayer’s attorney failed to request an adjournment of the hearing. 14 N.J.Tax at 382. Reasonable accommodation of a taxpayer’s rights is, therefore, neither excluded nor precluded.
In reviewing a dismissal of an appeal by the Tax Court where the plaintiff was not prepared to proceed on a scheduled trial date, the Appellate Division in Rutherford Realty Assocs. v. Rutherford Bor., 277 N.J.Super. 347, 649 A.2d 898 (App.Div.1994), makes clear that calendar control cannot take precedence over principles of fundamental fairness.
The court system exists to administer justice, not merely to satisfy the court’s desire to dispose of cases on its calendar. Courts exist to serve the public through counsel, not vice versa.
[Id. at 352, 649 A.2d 898.]
Rutherford Realty also adopted the following language from Audubon Volunteer Fire Co. No. 1 v. Church Constr. Co., 206 N.J.Super. 405, 406-07, 502 A.2d 1183 (App.Div.1986).
Eagerness to move cases must defer to our paramount duty to administer justice in the individual case____ There are ways short of dismissal or default to deal with slowdowns which cost a party money, waste the lawyers’ time, prejudice a plaintiffs ability to collect a judgment or a defendant’s ability to defend against one, or unjustifiably consume judicial resources____ Until courts have exhausted *418 means of performing their sheperding [sic] function which do not terminate or deeply affect the outcome of a case, they ought not to bar a litigant’s way to the courtroom.
[Rutherford Realty, supra, 277 N.J.Super. at 353, 649 A.2d 898.]
In hearing local property tax appeals pursuant to N.J.S.A. 54:3-26, county boards of taxation act in a quasi-judicial capacity. See VSH Realty, supra, 14 N.J.Tax at 384. Dismissal of an appeal by a county board for failure to prosecute will, if sustained by the Tax Court, terminate, without a hearing, a taxpayer’s right to appeal for the tax year in question. Such a dismissal should, therefore, be circumscribed by the same obligations to “administer justice” as are applicable to the Tax Court, and all doubts should be resolved against dismissal. Veeder, so holds.
While the expedition of the business of the board and full utilization of its time was highly to be desired, the duty of administering justice in each individual appeal was not to be lost sight of as the board’s paramount objective. If the board found itself unable to conveniently reschedule the appeals, they could have been “dismissed without prejudice”____
[Veeder, supra, 109 N.J.Super. at 546, 264 A.2d 91.]
As recognized in Veeder, a county board of taxation does not have the same flexibility in scheduling as is available to the Tax Court. N.J.S.A 54:3-26 requires county boards to “hear and determine” all appeals “within 3 months after the last day for filing such appeals” unless an extension is granted by the Tax Court pursuant to N.J.S.A 54:3-26.1. These time constraints may excuse a county board of taxation from granting a request for adjournment of a hearing, but such constraints do not excuse a county board from affording a taxpayer a fair opportunity to be heard.
The county board of taxation must make the initial determination as to whether a taxpayer’s conduct is “deliberate” under Veeder or “deliberate and contemptuous” under S.A.I.J. Realty so as to warrant a dismissal for failure to prosecute. In reviewing the determination of a county board of taxation, the Tax Court must take into account the facts available to the county board at the time of its ruling. Where, on or before the scheduled hearing date, a taxpayer communicates to the county board the *419 taxpayer’s desire to prosecute an appeal and provides reasonable indicia that the taxpayer will, on a later date, be prepared to proceed in a “meaningful manner”, the taxpayer’s conduct should not be regarded as either “deliberate” or “contemptuous”, and the county board should not dismiss the appeal for failure to prosecute.
Under the standard set forth in the preceding paragraph and the standards set forth in Rutherford Realty and Veeder, the Sussex County Board’s dismissal of plaintiffs appeal was clearly improper. Plaintiff retained an appraiser, submitted an appraisal, appeared before the Board on the scheduled hearing date with its appraiser and requested an adjournment in order to permit plaintiff and the municipality to prepare properly for the hearing. Plaintiffs violation of N.J.A.C. 18:12 — 1.9(h) in submitting its appraisal report one day before the hearing date is not an “egregious” violation within the meaning of Hudson Motor Lodge v. Jersey City, 284 N.J.Super. 227, 229, 664 A2d 951 (App.Div.1995), which sustained the suppression of a taxpayer’s appraisal report provided on the day of the second peremptory trial date. Such late submission, therefore, does not diminish the significance of plaintiffs other actions and does not justify a dismissal with prejudice for failure to prosecute.
The Board had the alternative of granting plaintiffs request for adjournment of the hearing or dismissing the plaintiffs appeals “without prejudice” as suggested in Veeder, supra, 109 N.J.Super. at 546, 264 A.2d 91 and S.A.I.J. Realty, supra, 5 N.J.Tax at 299, and as contemplated by N.J.S.A. 54:51A-1(c) and N.J.A.C. 18:12A-1.9(e).
Defendant’s motion is denied.