NOT FOR PUBLICATION WITHOUT APPROVAL OF

## TAX COURT OF NEW JERSEY



**Kathi F. Fiamingo**
**Judge**

**120 High Street**
**Mount Holly, NJ 08060**
**(609) 288-9500 Ext 38303**

**NOT FOR PUBLICATION WITHOUT THE APPROVAL OF THE TAX COURT
COMMITTEE ON OPINIONS**

October 10, 2017

Angela Jupin, Esq.
Law Office of Angela Jupin
201 Strykers Road, Suite 19-155
Philipsburg, New Jersey 08865

David C. Patterson, Esq.
Maressa Patterson, LLC
191 West Whitehorse Pike
Berlin, New Jersey 08009

> Re:  Barbara Ann Depaul Revocable Trust v.
> Borough of Pine Hill
> Docket No. 010928-2017

Dear Counsel:

This letter constitutes the court's opinion with respect to Defendant's motion to dismiss for lack of prosecution. For the reasons explained more fully below, Defendant's motion is denied.

I.  Findings of Fact and Procedural History

The court makes the following findings of fact based on the submissions of the parties.

Plaintiff filed a tax appeal with the Camden County Board of Taxation challenging the assessment of the property (the "subject property") Block 132, Lot 1 in the Borough of Pine Hill, also known as 12 New Freedom Road, Pine Hill Borough, Camden County. The hearing of the appeal was scheduled for May 30, 2017. On the day of the original hearing, Plaintiff's counsel

*

contacted Kelly Heppe, the tax administrator for the Camden County Board of Taxation to ask for an affirmance without prejudice or for an adjournment. The hearing date was adjourned and rescheduled for June 14, 2017 at 9:30 a.m.

Plaintiff's counsel certifies that on June 14, 2017, she called the Camden County Tax Board at 9:25 a.m. to advise that she would be approximately fifteen minutes late. Plaintiff certifies that she was ready and prepared to proceed with the appeal on this date. The case was called a few minutes after 9:30 a.m. Defendant's counsel certifies that he made a motion to dismiss for Plaintiff's failure to appear "slightly before 10:00 a.m." and that he left the hearing a few minutes thereafter. Plaintiff's counsel certifies that she arrived at the hearing room around 9:50 a.m. and that immediately upon arrival she informed the Commissioner and the Tax Administrator who she was and which case she was there for. She was advised that the matter had been dismissed and that nothing could be done. She spoke to someone she believed to be the Municipal Assessor who informed her there was nothing that could be done.

Defendant's Tax Assessor certifies that he attended the County Board hearing on June 14, 2017 and that when the matter was called he and counsel were informed that no one answered. He acknowledges that he was informed that Plaintiff's counsel had called to advise she would be late. He maintains, however, that Plaintiff's counsel did not appear and that the matter was dismissed at 11:00 a.m. He subsequently amended that statement and concurred with Plaintiff's counsel's recollection that the matter was dismissed shortly before 10:00 a.m. He maintains, however, that he remained at the board until 11:00 a.m. but that Plaintiff's counsel did not appear. He further certifies that he did not speak to Plaintiff's counsel.

Plaintiff then filed a complaint with this court on July 29, 2017. Defendant filed an answer and counterclaim on August 2, 2017. Defendant then filed this motion to dismiss Plaintiff's

complaint for lack of prosecution on August 25, 2017. Plaintiff filed opposition to Defendant's motion on September 12, 2017.

    II.      Legal Issues and Analysis

Discussion

N.J.S.A. 54:51A-1(c) provides that:

> If the Tax Court shall determine that the appeal to the county board of taxation has been (1) withdrawn at the hearing, or previously thereto in writing by the appellant or his agent; (2) dismissed because of appellant's failure to prosecute the appeal at a hearing called by the county tax board; (3) settled by mutual consent of the taxpayer and assessor of the taxing district, there shall be no review. This provision shall not preclude a review by the Tax Court in the event that the appeal was "dismissed without prejudice" by the county board of taxation.

Thus, if a plaintiff fails to prosecute the appeal at a hearing called by the county tax board the plaintiff loses its right to appeal. See Wilshire Oil Co. of Texas v. Jefferson Tp., 17 N.J. Tax 583, 586 (Tax 1998). Failure to prosecute can be the basis of a dismissal for lack of prosecution under N.J.S.A. 54:51A-1(c), if it is demonstrated that either the plaintiff did not appear at the hearing or if the plaintiff offers such insufficient evidence as to constitute a failure to prosecute. VSH Realty, Inc. v. Harding Tp., 291 N.J. Super. 295, 301-302 (App. Div. 1996). The tax court possesses the authority to review *de novo* a dismissal and to determine whether a dismissal was for lack of prosecution. Id.; N.J.S.A. 54:51A-1c(2); Veeder v. Township of Berkeley, 109 N.J. Super. 540, 545 (App. Div. 1970). The Appellate Division stated the tax court's power to review a county board's judgment as follows:

> It would appear clear that if, in truth, there is a failure to prosecute an appeal before the county board which justifies dismissal, there may be no further appeal to the Division. However, whether there had been such a failure involves a question of fact. A mere recital to that effect in the county board's judgment is no more conclusive on

appeal than its finding on any other matter committed to its jurisdiction.

[Veeder v. Berkeley, 109 N.J. Super. 540, 545 (App. Div. 1970).]

Thus, the tax court is "vested with jurisdiction to hear the appeals and to determine *de novo* whether there had been a failure to prosecute within the intendment of N.J.S.A. 54:2-39 and whether the dismissal for that reason was proper." Id. at 545; Oradell v. State Board of Tax Appeals, 125 N.J.L. 37 (E. & A. 1940); Rek Investment Co. v. Newark, 80 N.J. Super. 552 (App. Div. 1963); Pope v. Red Bank, 19 N.J. Misc. 383, 385 (Div. Tax App. 1940).

The basis for a dismissal of an appeal is narrowly confined by N.J.S.A. 54:51A-1c(2) to three circumstances. Namely 1) withdrawal of an appeal; 2) settlement; 3) and lack of prosecution. VSH Realty, Inc., 291 N.J. Super. at 300. Normally, "such dismissals should not be invoked in the absence of prejudice and unless the plaintiff's behavior is deliberate and contumacious." Id. (citing Allegro v. Afton Village Corp., 9 N.J. 156, 160-61 (1952); See also Rutherford Realty Assocs. v. Borough of Rutherford, 277 N.J.Super. 347, 353 (App. Div. 1994); Veeder v. Township of Berkeley, 109 N.J.Super. 540, 546 (App.Div.1970); S.A.I.J. Realty, Inc. v. Upper Deerfield Township, 5 N.J. Tax 292, 298-99 (Tax 1983)). In Veeder the uncontradicted facts were that "Petitioners at all times were desirous and ready to proceed with their appeals." Veeder, supra, 109 N.J.Super. at 546. The court in reviewing the tax court's decision stated that the tax court was justified in overturning the board's dismissal of the appeal where the reason for the dismissal was, "At most, [that] their attorney was late in arriving at the place fixed for the hearing." Id. Courts are hesitant to issue a dismissal of an appeal for failure to prosecute because it "is a drastic step and ordinarily should not be invoked unless it is clear that the conduct of the offending party is deliberate." Id. The Tax Court has further stated that "The legal standard to be applied in making such determination is that a motion to dismiss should be granted only in the most egregious

circumstances." Schaefer v. Borough of Chatham, 27 N.J. Tax 102, 105 (Tax 2012) (citing Wilshire Oil Co. of Texas v. Township of Jefferson, 17 N.J. Tax 583, 588 (Tax 1998)).

Here, the Camden County Tax Board dismissed Plaintiff's appeal due to what it found to be a failure to prosecute since Plaintiff's counsel failed to appear at 9:30 a.m. for the hearing. Plaintiff's counsel called the tax board and indicated that she would be a few minutes late to the hearing. Plaintiff's counsel certifies that she was at the hearing sometime between 9:45 a.m. and 9:55 a.m. Although late, Plaintiff's counsel did appear within a short period of time after the scheduled time of 9:30 a.m. Her certification does not conflict with the Defendant's certification which states that he filed the motion to dismiss "slightly" before 10:00 a.m. and then left shortly thereafter. Clearly the Plaintiff's counsel at most "was late in arriving at the place for the hearing." Additionally, she was only marginally late by a few minutes and had informed the board prior to the start of the hearing that she was running a little late.

As the Appellate Division stated in Veeder, "While the expedition of the business of the board and full utilization of its time was highly to be desired, the duty of administering justice in each individual appeal was not to be lost sight of as the board's paramount objective." Veeder, supra, 109 N.J.Super. at 547. Thus, although expeditious hearings are of primary importance to the tax appeal system it must not be allowed to cloud out the paramount objective of administering justice in each appeal. A taxpayer's right to a hearing for its tax appeal should not be denied lightly. Pipquarryco, Inc. v. Borough of Hamburg, 15 N.J. Tax 413, 418 (Tax 1996). The court in Pipquarryco elaborated that "such a dismissal should, therefore, be circumscribed by the same obligations to 'administer justice' as are applicable to the Tax Court, and all doubts should be resolved against dismissal." Id. at 418.

Here the delay was minor and the tax board was informed of the Plaintiff's counsel's expected lateness before the hearing began. Plaintiff's counsel's lateness did not prejudice the Defendant, and upon review the court finds that it is only reasonable and just to hold that the board improperly dismissed the Plaintiff's appeal. Further, it is also clear that the fact that Plaintiff's counsel was running late because of a traffic delay does not rise to the level of "deliberate and contumacious" behavior that must be present in order for dismissal of the taxpayer's right to an appeal for the tax year in question under N.J.S.A. 54:51A-1c(2).

III.    Conclusion

For the reasons set forth herein, the Defendant's motion to dismiss the Plaintiff's complaint for lack of prosecution is denied.

Very truly yours,

Kathi F. Fiamingo, J.T.C.