PER CURIAM.
In these back-to-back appeals, consolidated for the purpose of this opinion, plaintiffs challenge the Tax Court’s dismissal of their complaints. They argue that the judge erroneously determined that they had failed to prosecute their property tax appeals before the Cape May County Board of Taxation (County Board).- See N.J.S.A. 54:51A-lc(2). We reject the contention and affirm.
Plaintiffs own residential properties in the City of Wildwood (City). In April 1994, they filed separate tax appeals with the County Board, citing as their reasons: “current assessment does not reflect fair market value[;] petitioner also alleges discrimination.” Plaintiffs’ counsel appeared before the County Board unaccompanied by plaintiffs or an expert appraiser. He presented no proof of the true value of any of the subject properties other than . a list of “comparable sales,” which included both commercial and residential entries. The City moved to dismiss the appeals for lack of prosecution. Plaintiffs’ counsel countered by arguing that plaintiffs were entitled to “per se relief ... in the amount of 13.8%” by dividing the City’s assessment for each property by its 1994 “Chapter 123 ratio,” 113.86%. By separate orders, the County Board denied the petitions for “insufficient evidence.”
Plaintiffs thereafter filed separate complaints in the Tax Court. The City moved to dismiss the complaints on the ground that the County Board had dismissed the appeals for failure to prosecute. See N.J.S.A 54:51A-lc(2). Judge Rimm took testimony concerning plaintiffs’ counsel’s preparation for the appeals, and counsel’s complaint that the City’s Tax Assessor had failed to produce records allegedly necessary for his clients’ cases. Plaintiffs’ counsel testified that he assembled a “list of comparable sales,” but admitted that he submitted nothing else to the County Board. He also acknowledged that he never engaged an appraiser to evaluate the subject properties.
*725 Judge Rimm commented that plaintiffs’ counsel was “an evasive witness” and found that “there was no prosecution before the County Tax Board.” He rejected the list of “comparable sales,” finding that it included restaurants and condominiums and therefore was not an acceptable appraisal methodology by which to fix the true values of the subject properties. According to the judge, the fact that the County Board gave “insufficient evidence,” and not lack of prosecution, as the reason for dismissal was insignificant. He found that the County Board “should have dismissed” the cases for lack of prosecution because of the total absence of proof of true value.
We agree with Judge Rimm’s analysis. N.J.S.A. 54:51A-lc provides, in pertinent part:
If the tax court shall determine that the appeal to the county board of taxation has been ... (2) dismissed because of appellant’s failure to prosecute the appeal at a hearing called by the county tax board ... there shall be no review.
Thus, the Tax Court judge was vested with the power to determine, de novo, whether there had been a failure to prosecute within the intendment of N.J.S.A. 54:51A-1c(2). See Veeder v. Township of Berkeley, 109 N.J.Super. 540, 545, 264 A.2d 91 (App.Div.1970). The fact that the County Board specified “insufficient evidence” was not binding on him. Ibid. Because of his de novo review power, he was completely free to determine whether, on the facts, dismissal for failure to prosecute was the appropriate disposition.
The judge’s conclusion that plaintiffs’ had in fact failed to prosecute their appeals is amply supported by substantial, credible evidence in the record. Rova Farms Resort v. Investors Ins. Co., 65 N.J. 474, 484, 323 A.2d 495 (1974). Plaintiffs’ purported collection of “comparables” had no evidentiary value. Some of the “comparables” properties were in fact commercial properties and were thus incompetent to fix the true value of the residential properties at issue. As the judge pointed out, the list could not form a basis from which an appraiser in this case could render an opinion concerning true value.
*726 Moreover, plaintiffs presented no appraisal expert. Indeed, absolutely no proof of true value was submitted by way of testimony or competent documentary evidence. We agree with the judge’s observation that N.J.S.A 54:3-22 envisions the presentation by the taxpayer of some proofs as to true value in order to overcome the presumption that current assessments are valid. See Pantasote Co. v. City of Passaic, 100 N.J. 408, 412, 495 A.2d 1308 (1985).
As stated, in lieu of such proof, plaintiffs’ counsel advanced the argument before the County Board that his clients were entitled to have their assessments reduced simply by dividing each one by the City’s Chapter 123 tax ratio, 113.86%. On appeal, plaintiffs argue that support for this “methodology” is found in Glen Wall Assocs. v. Township of Wall, 99 N.J. 265, 274, 491 A.2d 1247 (1985), where the Court concluded that “the assessed value of the land, adjusted by the Chapter 123 ratio, furnishes sufficient and competent evidence of the land’s market value.”
Glen Wall is clearly distinguishable. There, the taxpayer did not contest the assessment of the land, and only challenged the assessment of the improvement to the commercial property. Id. at 273, 491 A.2d 1247. The case involved the application of the “building residual technique” by an expert as part of an income capitalization approach to value. Id. at 269, 271-72, 491 A.2d 1247. The taxpayer’s expert accepted the municipality’s assessment of the land, and divided it by the Chapter 123 ratio, solely for the purpose of establishing a foundation from which to prove the value of the improvements based, upon the capitalized net operating income which was attributable to the improvement. Id. at 271, 491 A.2d 1247. In other words, the Chapter 123 ratio was simply a single component of an expert opinion concerning the true value of the improvement based upon a complex income capitalization technique.
Here, no such complex appraisal technique is implicated. Glen Wall’s single reference to the use of the Chapter 123 ratio, in the context of extensive expert testimony, cannot be misunderstood as an acceptable means of establishing true value in cases such as *727 those before us. The Chapter 123 ratio is nothing more than the average ratio of assessed value to market value of all property, including commercial and residential, within the tax district. Id. at 271 n. 2, 491 A.2d 1247; N.J.S.A 54:1-35a. It is not intended to be a methodology to replace competent proof of true value.
Plaintiffs now concede that their application of the Glen Wall “methodology” is insufficient to establish true value. They contend, however, that their Glen Wall argument was at least sufficient to prevent dismissal of their appeals to the County Board for failure to prosecute. We disagree.
The legislative scheme provides a two-tier process for the review of property assessments which, as here, do not exceed $750,000. N.J.S.A 54:3-21. The taxpayer must first appeal to the appropriate County Board of Taxation, N.J.S.A. 54:3-21, which shall hear and decide the appeal, N.J.S.A 54:3-26. If the County Board of Taxation dismisses a petition because of the plaintiffs failure to prosecute, there shall be no review by the Tax Court; if, however, the appeal is “dismissed without prejudice,” an appeal is permitted. N.J.S.A. 54:51A-1c.
If taxpayers could present to the County Boards nothing more than legal argument and thereby avoid “failure to prosecute” dismissals, wholesale evasion of this two-tier review process may occur. For example, in all appeals involving municipalities with Chapter 123 ratios in excess of 100%, every taxpayer could simply advance the Glen Wall “methodology” and appeal to the Tax Court after dismissal by the County Board. In our view, the Legislature never envisioned such a result. We agree with Judge Rimm that a legal argument predicated on plaintiffs’ mistaken reading of Glen Wall cannot substitute for proof of true value; standing alone, it constitutes a failure to prosecute.
Our opinion in VSH Realty, Inc. v. Harding Twp., 291 N.J.Super. 295, 677 A.2d 274 (App.Div.1996), is of no aid to plaintiffs. There, the attorney for the taxpayer, an owner of a gasoline station, appeared before the County Board and called the tax assessor as the sole witness. Id. at 298-99, 677 A.2d 274. The municipality thereby agreed to conduct direct examination of the *728 assessor and to allow the taxpayer’s attorney an opportunity to cross-examine. Id. at 298-99, 677 A.2d 274. The assessor described the property and some of its characteristics. He also described his evaluation process. On cross-examination he provided information that the Township’s average ratio of assessed value to true value was 7.39 percent, indicating an equalized value of the property at $374 per square foot. He admitted that he knew of no other commercial sales in the Township for more than $200 per square foot. The County Board dismissed the appeal on the basis of “no evidence presented.” Id. at 298, 677 A.2d 274. We held that the Tax Court erred in concluding that the taxpayer failed to prosecute before the County Board because, although sparse, at least some proof of value was elicited during cross-examination of the assessor. Id. at 298-99, 677 A.2d 274. In short, the taxpayer presented insufficient evidence; it did not fail to prosecute the appeal. Therefore, we reversed and permitted plaintiff to file a complaint in the Tax Court to challenge the assessment.
Here, unlike VSH Realty, no expert was presented. The assessor was not called to testify. No description of the properties was given by anyone. No appraisals were offered.
Finally, we recognize that N.J.AC. 18:12A-1.9(e) may be pertinent. It provides:
A petitioner shall be prepared to prove his case by completion and competent evidence. In the absence of some evidence, the board may dismiss the petition. In the case of failure to appear, the board may dismiss the petition for lack of prosecution.

Ubid.]

As we observed in VSH, this regulation appears to suggest that dismissal for failure to prosecute is appropriate only where a taxpayer fails to appear.
However, as we further observed in VSH, when, as here, there is no proof of value adduced by the taxpayer, the Tax Court may, pursuant to N.J.S.A. 54:51A-1c(2), reasonably conclude there was a “de facto” failure to prosecute, despite the fact that, at least *729 facially, N.JAC. 18:12A-1.9(e) appears to limit such a finding to cases where there is no appearance.
Affirmed.