PER CURIAM.
Plaintiff appeals from a final judgment of the Tax Court, entered on September 12, 2003, which memorialized the dismissal at the close of plaintiffs case of a complaint that challenged the assessment for the 2002 tax year of a parcel of land she owns in Wall Township. We reverse.
The subject property is an approximately 3.17-acre unimproved lot, more than two acres of which consists of wetlands. Wall assessed the property for $157,000 for the 2002 tax year.
*602 Plaintiffs primary witness at trial was Lawrence Benson, a certified real estate appraiser. Benson testified that the property is located in a commercial zone in which the required minimum acreage for any development is ten acres. Benson expressed the opinion that in view of this zoning, the property’s location and extensive wetlands, it is “undevelopable for commercial use.”
In April 2000, Benson valued the property at $35,000 as of October 1,1998, which was the amount plaintiff had paid when she acquired the property in the spring of 1999. Although Benson apparently considered four comparable sales in arriving at this value,[1] he testified at trial that the best indicator of the property’s value is what plaintiff paid for it. Benson indicated that the property was listed with three different realtors for a period in excess of three year’s before it was sold to plaintiff, and that the sale to her was an arms-length transaction. Therefore, he concluded that this sale price represented the true value of the property. Benson also concluded that although the value of real estate increased generally during the period between his prior valuation of the property as of October 1, 1998, and his current valuation as of October 1, 2001, this increase had no effect on the value of plaintiff’s property because it is undevelopable.
The trial court granted defendant’s motion to dismiss, stating: In this case we have evidence ... from the testimony of the appraiser as to its value ... as of I guess October 1 of ’98, but we haven’t been provided ... any basis for his opinion that it hasn’t increased or decreased since that date. We just have really no evidence ... as to value as of the assessing date here which is October 1st ... 2001____ And as to the purchase price, as I understand it that was in 1999, that Ms. Passarella purchased the property ...
... there’s been a lot of doubt cast upon the value of that transaction as a true market transaction in terms of ... what appeared to be [a] family transaction. It doesn’t appear to be what would normally be regarded as a true market sale. There’s been just enough doubt cast on it and in addition it is a few years old. I just ... don’t believe that there’s been any evidence presented by the plaintiff that gives me an alternative value that would overcome the ... correctness of the appraised ... valuation here. Again, I guess the most significant thing weighing in that judgment is the failure of the expert to provide any ... objective basis from *603 which I can judge, that there was no change in value between ’98 and now. It appears to me to be a net opinion from which I can’t place any weight.
After plaintiff appealed, the trial court issued a written decision amplifying its reasons for dismissal of the complaint.
When a motion to dismiss is made at the close of plaintiffs case, the “motion shall be denied if the evidence, together with the legitimate inferences therefrom, could sustain a judgment in plaintiffs favor.” R. 4:37-2(b). In passing upon such a motion, “the judicial function ... is quite a mechanical one. The trial court is not concerned with the worth, nature or extent (beyond a scintilla) of the evidence, but only with its existence, viewed most favorably to the party opposing the motion.” Dolson v. Anastasia, 55 N.J. 2, 5-6, 258 A.2d 706 (1969). This standard for review of a motion to dismiss applies to the Tax Court in the same manner as to any other trial court. See R. 4:1.
Viewing plaintiffs proofs most favorably to her, she showed that she purchased the subject property in an arms-length transaction in the spring of 1999 after the seller had had the property on the market for three or four years. She also showed that the property is undevelopable and for that reason sales of other properties that are suitable for development are not useful guides in the valuation of her property. Instead, the price she paid for the property is the best indication of its true value. In addition, she showed that the value of the property did not increase from the time of her purchase in the spring of 1999 until the assessment date, October 1, 2001, because it is undevelopable.
It is well established that the price established by an arms-length sale of a property is probative of its fair market value. See Glen Wall Assocs. v. Township of Wall, 99 N.J. 265, 281-83, 491 A.2d 1247 (1985). Indeed, the sales price of a property may be the best indicator of its true value in some circumstances. See id. at 282, 491 A.2d 1247; Hackensack Water Co. v. Div. of Tax Appeals, 2 N.J. 157, 162, 65 A.2d 828 (1949); Romulus Dev. Corp. v. Town of W. New York, 7 N.J.Tax 305, 316-18 (Tax 1985), aff'd o.b. 9 N.J.Tax 90 (App.Div.1987). Therefore, plaintiff presented sufficient evidence that the true value of her property as of *604 October 1, 2001 was $35,000, rather than the $157,000 figure at which it was valued by Wall, to require the trial court to deny the motion to dismiss at the close of her case.
Accordingly, we reverse the final judgment dismissing plaintiffs complaint and remand the case to the trial court.

 Benson's expert report is not before us, and he disavowed reliance on those comparables at trial.