BIANCO, J.T.C.
This opinion amplifies and refines the court’s bench opinion rendered on November 20, 2009. Defendant, Mount Olive Township (hereinafter “Mt. Olive”), moved to dismiss the complaint of plaintiff, Princeton Alliance Church (hereinafter “PAC”), for lack of prosecution pursuant to N.J.S.A 54:51A-l(c)(2).
For the reasons set forth herein, Mt. Olive’s motion is denied.
The facts are undisputed. PAC timely filed an appeal before the Morris County Board of Taxation (hereinafter “the Board”) claiming that a portion of its property, assessed by the taxing district at $153,000, should be exempt from taxation since PAC’s use thereof is partially restricted by virtue of its location within the Highlands Preservation Area[1] as defined by the Highlands Water Protection and Planning Act (hereinafter the “Highlands Act”), N.J.S.A 13:20-1 to -35. With its appeal, PAC submitted a brief containing a statement of facts and legal arguments. Specifically, PAC contends that the portion of the property taken by the State for conservation purposes is exempt under N.J.S.A. 54:4-3.3b.
The Board heard the matter on June 4, 2009. PAC’s counsel Stephen J. Rapp, Esq. appeared before the Board prepared to not *285 only rely on the brief submitted, but also to present legal arguments on behalf of PAC. As the hearing began, a Commissioner directed Mr. Rapp to present his witnesses. Mr. Rapp advised the Commissioner that PAC was not contesting any issues of fact and therefore would not be presenting any witnesses. Instead, Mr. Rapp expressed a desire to proceed with the presentation of his legal arguments, but the Commissioner again directed him to present his witnesses. The Commissioner then dismissed the appeal for lack of prosecution.
PAC timely appealed the Board’s dismissal to this court. Mt. Olive in turn filed a motion to dismiss pursuant to N.J.S.A. 54:51A-l(c)(2).

Failure to Prosecute

N.J.S.A 54:51A-l(c)(2) provides, in relevant part, that “[i]f the tax court shall determine that the appeal to the county board of taxation has been ... dismissed because of appellant’s failure to prosecute the appeal at a hearing called by the county tax board ... there shall be no review.” Under N.J.A.C. 18:12A-1.9(e) “[a] petitioner shall be prepared to prove his case by complete and competent evidence. In the absence of some evidence, the board may dismiss the petition. In the case of failure to appear, the board may dismiss the petition for lack of prosecution.”
When considering motions to dismiss for lack of prosecution, the Tax Court has the authority to determine, de novo, whether the county board’s dismissal for lack of prosecution was warranted. See Veeder v. Township of Berkeley, 109 N.J.Super. 540, 545, 264 A.2d 91 (App.Div.1970). In order to avoid dismissal pursuant to N.J.S.A. 54:51A-l(c)(2), the taxpayer must present “some proofs as to true value in order to overcome the presumption that current assessments are valid.” Ganifas Trust v. City of Wildwood, 15 N.J.Tax 722, 726 (App.Div.1996) (citing Pantasote Co. v. City of Passaic, 100 N.J. 408, 412, 495 A.2d 1308 (1985)). In essence this standard means that “the taxpayer’s appearance [before a county board] must be more than a sham.” Wilshire Oil Co. of Texas v. Township of Jefferson, 17 N. J.Tax 583, 588 (1998). *286 While “dismissals should not be invoked in the absence of prejudice and unless the plaintiffs behavior is deliberate and contumacious,” “[w]here ... there is an appearance but no evidence, much less insufficient evidence, that is the same as not appearing at all and may properly form a basis for a dismissal under N.J.S.A. 54:51A-l(c)(2).” VSH Realty, Inc. v. Township of Harding, 291 N.J. Super. 295, 300-02, 677 A.2d 274 (App.Div.1996) (citations omitted). Finally:
[w]here, on or before the scheduled hearing date, a taxpayer communicates to the county board the taxpayer’s desire to prosecute an appeal and provides reasonable indicia that the taxpayer will, on a later date, be prepared to proceed in a “meaningful manner”, the taxpayer’s conduct should not be regarded as either “deliberate” or “contemptuous”, and the county board should not dismiss the appeal for failure to prosecute.
[Pipquarryco, Inc. v. Borough of Hamburg, 15 N.J.Tax 413, 418-19 (1996).]
Mt. Olive argued that PAC’s complaint should be dismissed because its failure to present a witness was deliberate and contumacious behavior. In opposition, PAC argued[2] that its submission of a brief that contained a statement of facts and legal arguments was sufficient to satisfy the standard set forth in VSH Realty, Inc. and affirmed in Ganifas Trust.
Mt. Olive’s motion to dismiss is denied for the following reasons. First, dismissal under N.J.A.C. 18:12A-1.9(e) is inappropriate since PAC’s counsel appeared before the Board on the date of the hearing. See VSH Realty, Inc., supra, 291 N.J.Super. at 298, 677 A.2d 274 (“Thus, under this regulation, where a taxpayer appears at a County Tax Board hearing but fails to present ‘some’ evidence, the appeal may be dismissed. Where the taxpayer fails to appear at all, he risks a dismissal for lack of prosecution. It is only the latter which results in a loss of the right to file a de novo appeal in the Tax Court.”). Under the regulation, dismissal for lack of prosecution is only appropriate where the taxpayer fails to appear. Since counsel appeared, the Board should have heard the appeal or dismissed without prejudice.
*287 Second, the Board’s insistence that PAC’s counsel call a witness and Mt. Olive’s reliance on Ganifas Trust is misplaced in this appeal because both the Board and Mt. Olive wrongly characterized PAC’s appeal as a valuation case. Instead the crux of PAC’s appeal is that it is entitled to a partial exemption pursuant to N.J.S.A. 54:4-3.3b, rather than a challenge to the value assessment of the property subject to the appeal. Since PAC is not challenging the underlying assessment, the holding in Ganifas Trust that “N.J.S.A. 54:3-22 envisions the presentation by the taxpayer of some proofs as to true value in order to overcome the presumption that current assessments are valid[,]” is inapplicable to the present appeal. Ganifas Trust, supra, 15 N.J.Tax at 726 (emphasis added).
In exemption cases, “exemptions are to be strictly construed because an exemption from taxation is a departure from the equitable principle that everyone should bear just and equal share of the public tax burden.” Morris Township v. LF Associates, 10 N.J.Tax 240, 248 (1988). “The burden of proof in a tax exemption case is always on the party claiming exemption.” Estell Manor City v. Stem, 14 N.J.Tax 394, 417 (1995). In order to prevail the claimant must “clearly bring himself within an exemption provision.” Morris Township, supra, 10 N.J.Tax at 248 (citation omitted).
Here PAC claims a partial exemption pursuant to N.J.S.A. 54:4-3.3b, which reads:
Where real property is acquired by the State or by a State agency, or by an authority created by the State, by purchase, condemnation or otherwise, such property shall become tax exempt on January 1 of the calendar year next following the date of acquisition, provided that the tax assessor of the municipality in which such property is located is given written notice of the acquisition by certified mail on or before January 10 of said calendar year next following; provided further that if real property is acquired between January 1 and January 10 inclusive and the prescribed notice is given on or before January 10, such real property shall become tax exempt as of the date of acquisition.
To be entitled to an exemption, PAC bears the burden of proof to show that it complies fully with the requirements of N.J.S.A. 54:4-3.3b, specifically that the real property subject to appeal was acquired by the State. Without reaching the merit of PAC’s *288 proposed argument, its submission of a brief that contained a statement of facts and legal arguments went to satisfying its burden of proof and was therefore sufficient to show an intent to prosecute its appeal. Accordingly, the Board misconstrued PAC’s burden of proof and applied the wrong legal standard when it dismissed PAC’s appeal for lack of prosecution due to the fact PAC’s counsel failed to call a witness.
Even if PAC’s appeal constituted a valuation ease, the Board’s dismissal for PAC’s failure to call a witness was unwarranted. There is no statute, regulation or case that specifically requires the taxpayer to present witnesses to prosecute its appeal. Neither N.J.S.A. 54:51A-l(c)(2) nor N.J.A.C. 18:12A-1.9 compels witness testimony to prosecute an appeal. Moreover, N.J.S.A. 54:3-22, the statute governing hearings before the Board, provides that the Board “may compel the attendance of witnesses, the production of books and papers before it, examine witnesses or cause witnesses to be examined under oath before it....” (emphasis added). The Appellate Division has held that “N.J.S.A. 54:3-22 envisions the presentation by the taxpayer of some proofs as to true value in order to overcome the presumption that current assessments are valid.” Ganifas Trust, supra, 15 N.J.Tax at 726 (emphasis added).
Case law also does not impose a witness requirement. In VSH Realty, Inc., where the value of the subject property was at issue, the County Tax Board’s dismissal for lack of evidence was overturned because the taxpayer’s counsel, on cross-examination, was able to elicit evidence of value from the town’s own witness. VSH Realty, Inc., supra, 291 N.J.Super. at 298, 677 A.2d 274. In Ganifas Trust, the Appellate Division upheld the dismissal of the taxpayer’s appeal, in part, because “absolutely no proof of true value was submitted by way of testimony or competent documentary evidence.” Ganifas Trust, supra, 15 N.J.Tax at 726 (emphasis added). Accordingly, under Appellate Division precedent, a taxpayer can prosecute his or her appeal by way of cross-examination or the submission of competent documentary evidence. While the issue in the present matter is exemption and not value, this court finds no justification why the same reasoning should not *289 prevail. Accordingly, the court concludes that PAC was not required to present witnesses to prove its claim of exemption.
Third, based on the duties and powers of the Board, it was competent to hear Mr. Rapp’s legal arguments. The Board is statutorily required to “secure the taxation of all property in the county at its taxable value as prescribed by law, in order that all property, except such as shall be exempt by law, shall bear its full and just share of taxes.” N.J.S.A. 54:3-13 (emphasis added). To achieve this, the Legislature has provided that the Board may:
after investigation, revise, correct and equalize the assessed value of all property in the respective taxing districts, increase or decrease the assessed value of any property not valued at its taxable value, assess property omitted from any assessment, as provided by law, at its taxable value, and in general do everything necessary for the taxation of all property in the county at its taxable value.
[N.J.SJL 54:4-47.]
*300 Richard Stokes, Property Casualty Insurance. Mr. Stokes, so happy, he went home. That’s great.
[Committee Meeting of the New Jersey General Assembly Budget Committee (June 29, 2005).]
Thereafter, Mr. Litton, Horizon’s representative, voiced his opposition to A4401, as amended:
I would like to express our concern with this legislation. The Bill, as introduced, was about approximately 20 pages that leave an impact across the industry. The one provision that remains is a provision that only impacts Horizon In fact, the provision that remains originally impacted a number of other domestic insurers____They were all cut out, so the bill now only impacts Horizon----I’m not quite sure why that is the case.

[Ibid.]

*289 The Supreme Court of New Jersey has interpreted the Board’s duty and power to equalize the assessed valuation of property as carrying with it “the authority to perform whatever necessary acts are incident thereto.” Village of Ridgefield Park v. Bergen County Board of Taxation, 62 N.J.Super. 133, 138, 162 A.2d 132 (Law Div.1960) (citing City of Passaic v. Passaic County Board of Taxation, 18 N.J. 371, 113 A.2d 753 (1955)). It follows then that to determine the appropriate level of taxation and to determine if property is exempt, the Board must consider legal arguments presented to it on appeal.
The court further observes that the assessment of PAC’s property at $153,000.00 does not meet the jurisdictional limit of $750,000 established by N.J.S.A. 54:3-21 which would allow for a direct appeal to the Tax Court. If the Board were not permitted to hear such legal arguments, PAC, and similarly situated aggrieved taxpayers, would be left without a forum to contest its assessment. See County of Bergen v. Borough of Paramus, 79 N.J. 302, 305, 399 A.2d 616 (1979) (“A taxpayer who claims an exemption from an assessment falls within the category of an aggrieved taxpayer. As such, an appeal asserting that an exemp *290 tion has been wrongfully denied should be filed with the county board of taxation.”).
Motion denied.

 N.J.S.A. 13:20-7(b)(l)

 PAC also raised several constitutional claims which need not be addressed in view of the court's ruling.