DeALMEIDA, P.J.T.C.
In these cases, which were consolidated for the purpose of this opinion, the court determines that a taxpayer’s testimony before a County Board of Taxation regarding the taxpayer’s recent purchase of his or her residence, including the characteristics of the property, the circumstances surrounding the purchase, and the purchase price, constitutes sufficient evidence to preclude dismissal of the taxpayer’s appeal for lack of prosecution. As a result of this holding, defendant’s motions pursuant to N.J.S.A. 54:51A-1(c)(2) to dismiss the complaints in these matters for failure to prosecute before the Burlington County Board of Taxation (the “Board”) are denied.
I. Findings of Fact and Procedural History
This opinion sets forth the court’s findings of fact and conclusions of law on defendant’s motions to dismiss. R. l:6-2(f). The following findings of fact are based on the certifications and exhibits submitted by the parties on the motions after oral argument by counsel.
Plaintiff Arnold Lee Austin is the owner of a residence in defendant Township of Pemberton. The property is designated by the township as Block 70, Lot 29 and is known as 305 Dogwood Street. For tax year 2009, the property was assessed as follows:
Land $ 19,600
Improvements $153,800
Total $173,400
Mr. Austin purchased his home on June 20, 2007.
*366 Plaintiff Ana Ramirez is the owner of a residence in Pemberton Township. Her property is designated by the township as Block 218, Lot 21 and is known as 137 Garden Avenue, apartment 139 A & B. For tax year 2009, the property was assessed as follows:
Land $ 22,500
Improvements $119,300
Total $141,800
Ms. Ramirez purchased her home on November 21, 2006.
Plaintiff Sultan Muhammed is also the owner of a residence in Pemberton Township. His property is designated by the township as Block 626, Lot 4 and is known as 302 Seminole Trail. For tax year 2009, the property was assessed as follows:
Land $ 22,300
Improvements $150,700
Total $173,000
Mr. Muhammed purchased his home on October 29, 2007.
The three plaintiffs filed timely appeals of the assessments of their respective properties with the Burlington County Board of Taxation. At the scheduled hearing, the Board first called Mr. Austin who was represented by counsel. Mr. Austin testified concerning the purchase of his residence on June 20, 2007, approximately fifteen months prior to October 1, 2008, the relevant valuation date. He described the physical condition of the property, the circumstances surrounding the purchase, and the purchase price. In addition, Mr. Austin testified that the property is affected by loud noise from Fort Dix, a neighboring military base, information not known to him prior to the closing on his purchase. He offered the view that this evidence was relevant to the fair market value of the property on October 1, 2008.
According to plaintiffs’ uncontested submissions, after hearing Mr. Austin’s testimony the Burlington County Tax Administrator stated “no comps equals no evidence” and advised the Board to dismiss the appeal.
*367 Mr. Muhammed and Ms. Ramirez were represented by the same counsel as Mr. Austin. In response to a question from the Administrator, Mr. Muhammed and Ms. Ramirez stated that they planned to rely entirely on testimony of the type given by Mr. Austin without offering comparable sales or an expert. Thereafter, the Board refused to hear any testimony from these taxpayers.
On June 12, 2009, the Board entered judgments dismissing all three of the plaintiffs’ appeals for failure to prosecute.
Plaintiffs filed timely complaints in this court challenging the Board’s judgments. Pemberton thereafter moved to dismiss the complaints pursuant to N.J.S.A. 54:51A-l(c)(2) because the Board had dismissed the three matters for failure to prosecute. Oral arguments on defendant’s motions were heard on March 19, 2010.
II. Conclusions of Law
N.J.S.A. 54:51A-l(c) provides:
If the Tax Court shall determine that the appeal to the county board of taxation has been ... (2) dismissed because of appellant’s failure to prosecute the appeal at a hearing called by the county tax board ... there shall be no review. This provision shall not preclude a review by the Tax Court in the event that the appeal was “dismissed without prejudice” by the county board of taxation.
Where a taxpayer or counsel appears at a County Board hearing, the appeal is properly dismissed for lack of prosecution only if the taxpayer or counsel fails to produce “some evidence” of the value of the subject property. N.J.A.C. 18:12A-1.9(e), applicable to the County Boards, provides:
A petitioner shall be prepared to prove his case by complete and competent evidence. In the absence of some evidence, the board may dismiss the petition. In the case of failure to appear, the board may dismiss the petition for lack of prosecution.
The distinction between a failure to produce sufficient evidence and a failure to prosecute is significant. Dismissal of an appeal by a County Board where the taxpayer produces some, but insufficient, evidence of value will not preclude further review by this court. However, dismissal of an appeal because a taxpayer has not produced even some evidence of value before a County Board equates to a dismissal for failure to prosecute and deprives *368 this court of jurisdiction. See Pipquarryco, Inc. v. Borough of Hamburg, 15 N.J.Tax 413, 418 (Tax 1996).
This court is vested with the power to determine, de novo, whether there has been a failure to prosecute before the County Board within the intendment of N.J.S.A. 54:51A-l(c)(2) and whether dismissal for lack of prosecution by a County Board was warranted. See Veeder v. Township of Berkeley, 109 N.J.Super. 540, 545, 264 A.2d 91 (App.Div.1970); Pipquarryco, supra, 15 N.J.Tax at 418. Such a dismissal should, therefore, be circumscribed by the same obligations to administer justice as are applicable to the Tax Court, and all doubts should be resolved in favor of the taxpayer. Ibid. “[A] motion to dismiss should be granted only in the most egregious circumstances.” See Wilshire Oil Co. of Texas v. Township of Jefferson, 17 N.J.Tax 583, 585 (Tax 1998). Whether there has been a failure to prosecute involves a question of fact. See Veeder, supra, 109 N.J.Super. at 545, 264 A.2d 91. “In reviewing the determination of a county board of taxation, the Tax Court must take into account the facts available to the county board at the time of its ruling.” Pipquarryco, supra, 15 N.J.Tax at 418.
The line between a failure to produce sufficient evidence and a failure to prosecute is difficult to draw in some circumstances. The Appellate Division, in two opinions released a few days apart, provided this court with guidance to make this fact-sensitive determination. In VSH Realty, Inc. v. Township of Harding, 291 N.J.Super. 295, 677 A.2d 274 (App.Div.1996), the taxpayer filed a petition with the Morris County Board of Taxation challenging an assessment on commercial property. At the scheduled hearing, plaintiffs counsel appeared and indicated his intention to call as his only witness the tax assessor. Id. at 298, 677 A.2d 274. Although the town initially objected, the tax assessor was offered as a witness and testified as to the physical characteristics of the property and the process he used to reach the assessment. Ibid. On cross-examination by plaintiffs counsel, the tax assessor provided information regarding the equalized per square foot value of the subject property and admitted that he knew of no sale in the township for an amount in that price range. Ibid. The County *369 Board dismissed the appeal for lack of prosecution. Id. at 298-99, 677 A.2d 274. This court sustained the dismissal. Id. at 297, 677 A.2d 274.
The Appellate Division reversed. As a threshold matter, the court recognized the need to ensure that County Board proceedings be meaningful and that taxpayers not be permitted readily to by-pass the County Boards, which relieve this court of “what would otherwise be a very substantial burden of cases.” Id. at 301, 677 A.2d 274 (internal quotations omitted). The court observed, however, that the “ ‘court system exists to administer justice, not merely to satisfy the court’s desire to dispose of cases on its calendar ... [t]he administration of the court’s calendar with blind rigidity cannot take priority over a party’s constitutional right to contest its assessment.’” Id. at 301, 677 A.2d 274 (quoting Rutherford, Realty Assocs. v. Borough of Rutherford, 277 N.J.Super. 347, 352, 649 A.2d 898 (App.Div.1994)). To effectuate this goal, the court held, “[njormally, ... dismissals [for failure to prosecute] should not be invoked in the absence of prejudice and unless the plaintiffs behavior is deliberate and contumacious.” VSH Realty, supra, 291 N.J.Super. at 300, 677 A.2d 274.
The court rejected the view, however, that “a taxpayer’s appeal before a county tax board may never be dismissed for lack of prosecution for anything other than a failure to appear.” Id. at 301, 677 A.2d 274. The court explained, “[w]here, for instance, there is an appearance but no evidence, much less insufficient evidence, that is the same as not appearing at all and may properly form a basis for a dismissal under N.J.S.A 54:51A-lc(2).” Id. at 301-02, 677 A.2d 274. The court found that the appearance of the taxpayer’s counsel was not “a sham,” and that his cross-examination of the tax assessor, a presumed expert familiar with real estate values in the relevant community, while ultimately unsuccessful in establishing the value of the subject property, was sufficient to satisfy the “some evidence” standard established in N.J.A.C. 18:12A-1.9(e). Id. at 302, 677 A.2d 274.
A little more than a week later, the same panel of Appellate Division judges issued the opinion in Ganifas Trust v. City of *370 Wildwood, 15 N.J.Tax 722 (App.Div.1996). In that case, plaintiffs owned residential properties and challenged the assessments on those properties before the Cape May County Board of Taxation. Plaintiffs’ counsel appeared before the County Board unaccompanied by plaintiffs or an expert witness. Id. at 724. “He presented no proof of the true value of any of the subject properties other than a list of ‘comparable sales,’ which included both commercial and residential entries.” Ibid. The County Board dismissed the appeals for insufficient evidence. On appeal, this court determined that plaintiffs failed to prosecute their appeals, depriving this court of jurisdiction. Ibid.
The Appellate Division affirmed. The court concluded that Plaintiffs’ purported collection of “comparables” had no evidentiary value. Some of the “comparables” properties were in fact commercial properties and were thus incompetent to fix the true value of the residential properties at issue. As the judge pointed out, the list could not form a basis from which an appraiser in this case could render an opinion concerning true value.
[Id. at 725.]
The court continued, “[mjoreover, plaintiffs presented no appraisal expert. Indeed, absolutely no proof of true value was submitted by way of testimony or competent documentary evidence.” Id. at 726. Thus, the court concluded, plaintiffs had not presented even “some proofs as to true value” of the subject properties. Ibid. The court distinguished its holding in VSH Realty, supra, as follows: “Here, unlike VSH Realty, no expert was presented. The assessor was not called to testify. No description of the properties was given by anyone. No appraisals were offered.” Id. at 728.
With these precedents in mind, the court concludes that Mr. Austin satisfied the “some evidence” standard established in N.J.A.C. 18:12A-1.9(e) when he offered testimony regarding the circumstances of his purchase of the subject property, the purchase price, and the property’s characteristics. In reaching this decision, the court is guided by the Appellate Division’s opinion in Passarella v. Township of Wall, 22 N.J.Tax 600 (App.Div.2004). In that case, this court granted the municipality’s motion to dismiss at the close of plaintiffs case, where the only evidence produced was the testimony of an expert appraiser regarding the *371 taxpayer’s purchase of the subject property a year and a half prior to the relevant valuation date. The expert testified that the taxpayer’s purchase of the property was the best evidence of its value because it had been on the market for several years prior to an arms-length purchase and was not developable, rendering all potential comparable sales non-probative. Id. at 602. This court concluded that evidence of the purchase of the property was insufficient to overcome the presumption that the assessment was correct. Id. at 602-03. The Appellate Division reversed.
The court held that “[i]t is well established that the price established by an arms-length sale of a property is probative of its fair market value.” Id. at 603 (citing Glen Wall Assocs. v. Township of Wall, 99 N.J. 265, 281-83, 491 A.2d 1247 (1985)). “Indeed, the sales price of a property may be the best indicator of its true value in some circumstances.” Passarella, supra, 22 N.J.Tax at 603 (citing Glen Wall, supra, 99 N.J. at 282, 491 A.2d 1247; Hackensack Water Co. v. Division of Tax Appeals, 2 N.J. 157, 162, 65 A.2d 828 (1949); Romulus Dev. Corp. v. Town of West New York, 7 N.J.Tax 305, 316-18 (Tax 1985), aff'd, o.b., 9 N.J.Tax 90 (App.Div.1987)). Granting the taxpayer all favorable inferences, as is required for a determination of a motion to dismiss at the close of plaintiffs case, the Appellate Division determined that the plaintiff had presented “sufficient evidence that the true value of her property” as of the valuation date was the price she paid for the property. Id. at 603-04.
In light of that holding, the court concludes that Mr. Austin presented some evidence of value when he testified regarding his purchase of the subject property approximately fifteen months prior to the October 1, 2008, valuation date. Mr. Austin explained to the Board the property’s characteristics, the circumstances of his purchase, the purchase price, and the property’s proximity to a military installation. While plaintiffs testimony may have been, in the Board’s view, insufficient for a determination of value, that fact is not relevant to the outcome of this motion. That Mr. Austin elected to rely on his own testimony without obtaining an expert appraisal does not amount to a failure to prosecute his appeal. Certainly, Mr. Austin, who appeared at the hearing with *372 counsel and made a good faith effort to explain why he believed the assessment on his property was incorrect, did not act in a deliberate and contumacious manner or make a sham appearance before the Board.
County Board hearings are, by design, less formal than judicial proceedings. The boards are intended to serve, in part, as a forum for the efficient resolution of valuation disputes without the need for taxpayers to incur the burden and costs of extensive discovery. See City of Atlantic City v. Greate Bay Hotel and Casino, Inc., 16 N.J.Tax 486, 495 (Tax) (“The county boards of taxation are ideally suited to the quick and efficient review [of cases that] generally do not require extensive discovery or involve complicated testimony ... and such matters rarely require lengthy hearings.”), aff'd, 304 N.J.Super. 457, 701 A.2d 458 (App.Div.1997). No statute or regulation requires that a residential taxpayer produce expert testimony to prosecute a tax appeal. N.J.AC. 18:12A-1.9(h), which provides that a “party intending to rely on expert testimony shall furnish to the county board of taxation three copies of a written appraisal report and shall furnish one copy of the appraisal report to each opposing party at least one week prior to the hearing” applies only in those instances in which a taxpayer elects to present expert testimony. The court recognizes that complicated matters of valuation are not likely to be resolved by taxpayer testimony alone. It is possible, however, that a taxpayer’s testimony regarding his or her home and the details of a recent purchase will provide a sufficient basis for an adjustment to an assessment. Whether ultimately successful or not, testimony of the type presented by Mr. Austin would satisfy the “some evidence” standard of N.J.AC. 18:12A-1.9(e) and preclude a finding of failure to prosecute. Pemberton’s motion to dismiss Mr. Austin’s complaint, therefore, is denied.
The same result obtains with respect to defendant’s motions to dismiss the complaints of Ms. Ramirez and Mr. Mu-hammed. The Board refused to hear the testimony of either of these taxpayers because they did not intend to present comparable sales or expert testimony. As explained above, the type of *373 testimony these taxpayers intended to offer would have satisfied the “some evidence” standard sufficient to avoid dismissal for lack of prosecution had they been permitted to proceed. See VSH Realty, supra, 291 N.J.Super, at 302, 677 A.2d 274 (citing N.J.A.C. 18:12A-1.9(e)). More importantly, Mr. Muhammed and Ms. Ramirez were entitled to a meaningful opportunity to be heard by the Board. See Wilshire Oil, supra, 17 N.J.Tax at 589 (“A county board of taxation may not create a basis to dismiss for lack of prosecution by improperly denying a taxpayer the right to present testimony which may be adequate to avert such a dismissal.”). While the court is cognizant of the high caseload and short statutory time frame for resolving appeals at the County Boards, calendar management cannot trump fair hearings. All facets of the tax administration system, including this court and the County Boards, cannot lose sight of the fact that we exist to provide taxpayers and taxing districts with a meaningful forum for the principled resolution of tax disputes. We fall short of reaching this goal when claims are readily dismissed before taxpayers have even had an opportunity to speak before the tribunal to which they brought their appeals in good faith. Because Ms. Ramirez and Mr. Muhammed were not permitted to present any evidence before the Board, dismissal of their appeals for lack of prosecution was not warranted and cannot be sustained.
Orders effectuating the court’s decision are enclosed.