**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1765-19

JESSE ROSENBLUM,

    Plaintiff-Appellant,

v.

BOROUGH OF CLOSTER,
JOSEPH MIELE, and
GLORIA MIELE,

    Defendants-Respondents.

_____

Submitted January 27, 2021 – Decided February 17, 2021

Before Judges Whipple and Firko.

On appeal from the Tax Court of New Jersey, Docket No. 13052-2019.

Jesse Rosenblum, appellant pro se.

Edward Rogan & Associates, LLC, attorneys for respondent Borough of Closter (Edward T. Rogan, of counsel; Celia S. Bosco, on the brief).

Kathryn Gilbert, attorney for respondents Joseph Miele and Gloria Miele, join in the brief of respondent Borough of Closter.

PER CURIAM

Plaintiff Jesse Rosenblum appeals from an October 23, 2019 Tax Court order and final judgment dismissing his third-party tax appeal against defendants Borough of Closter (Borough), Joseph Miele, and Gloria Miele (the Mieles) with prejudice for the year 2019 pursuant to N.J.S.A. 54:51A-1(c)(2) for failure to prosecute. Plaintiff also appeals the December 4, 2019, order denying his motion for reconsideration. We affirm both orders.

The chronology and factual background are set forth in this court's unpublished opinion entered on July 15, 2020. We incorporate, by reference, the facts stated in our prior opinion. Rosenblum v. Borough of Closter, No. A-2561-18 (App. Div. July 15, 2020) (slip op. at 1-2).

On April 1, 2019, plaintiff filed a third-party petition with the Bergen County Tax Board (the Board), claiming that it incorrectly valued a section of "wooded wetland" on the Mieles's property, which they claimed as "pasture" and "cropland." The hearings for all 2019 Borough tax appeals were scheduled for June 11, 2019, at 9:00 a.m. Plaintiff's tax appeal was also scheduled to be heard at that time.

Plaintiff failed to appear at the June 11, 2019, hearing to prosecute his tax appeal. In a July 18, 2019, letter to the Board, plaintiff stated he arrived for the

hearing "at about 10[:00] [a.m.]," and in the first room "the hearing for Bergenfield was starting" while the hearing for Englewood in the second room "was being heard or had concluded." Plaintiff did not offer an explanation for his non-appearance and failure to prosecute his tax appeal.

On July 31, 2019, the Board issued its judgment affirming its assessment of the Mieles's property and noted "Judgment Code 5A, Non-Appearance." On the reverse side of the judgment, it cites N.J.S.A. 54:3-26, to conclude that Code 5 stands for "Dismissal with Prejudice," and sub-code A means "Non-Appearance."

On September 6, 2019, plaintiff appealed the Board's judgment by filing a third-party complaint with the Tax Court. The complaint demanded "[t]hat the farmland assessment be revoked and a regular assessment be imposed including interest and penalties; and that all taxes evaded be recovered; and that the [c]ourt award legal costs to plaintiff . . . ." The Borough, joined by the Mieles, moved to dismiss plaintiff's tax appeal on September 23, 2019, which plaintiff opposed.

On October 23, 2019, the Tax Court judge heard oral argument on the motion to dismiss. Despite being asked numerous times, plaintiff failed to proffer an explanation for his failure to prosecute his tax appeal on June 11, 2019, at 9:00 a.m. The judge noted plaintiff is "not a novice" with respect to the

Board's procedures and proceedings because he has attended numerous hearings in the past to prosecute petitions. In addition, the judge stated he understood plaintiff's papers and oral argument to say, "I filed a petition[,] they should know what's going on, I've been filing this petition for many, many years and [] therefore, when I get there, I get there and it doesn't much matter." The judge concluded plaintiff's actions in the past were "contemptuous and deliberate" citing our decision in VSH Realty, Inc. v. Harding Twp., 291 N.J. Super. 295, 300 (App. Div. 1996), and without justification. The Borough's motion to dismiss was granted, and a memorializing order and final judgment dismissing plaintiff's tax appeal with prejudice was entered that day.

On October 30, 2019, plaintiff moved for reconsideration. The judge heard oral argument[1] on December 2, 2019, and issued a written opinion and order on December 4, 2019, denying plaintiff's motion. This appeal ensued.

On appeal, plaintiff raises the following arguments:

> (1) the Tax Court erred by dismissing plaintiff's 2019 complaint and has not proceeded in handling the Mieles's property in a cogent manner;

---

[1] On January 13, 2020, plaintiff "protest[ed] [the] need for [a] transcript . . . ." Therefore, the transcript from oral argument on plaintiff's motion for reconsideration is not part of the record on appeal.

4

(2) the Tax Court's 1999 decision conflicts with the Director of the New Jersey Tax Division's jurisdiction of the Farmland Assessment Act;

(3) the Director's requirements are not being followed by the Tax Court; and

(4) plaintiff has been denied procedural due process under 42 U.S.C. § 1983 because of official misconduct and misbehavior.

Appellate courts apply "a highly deferential standard of review" to the decisions of a Tax Court judge, Brown v. Borough of Glen Rock, 19 N.J. Tax 366, 375 (App. Div. 2001), because "judges presiding in the Tax Court have special expertise." Glenpointe Assocs. v. Twp. of Teaneck, 241 N.J. Super. 37, 46 (App. Div. 1990). When reviewing a tax court's factual findings, an appellate court examines "whether the findings of fact are supported by substantial credible evidence with due regard to the [t]ax [c]ourt's expertise and ability to judge credibility." Yilmaz, Inc. v. Dir., Div. of Tax'n, 390 N.J. Super. 435, 443 (App. Div. 2007). Consequently, we do not disturb a Tax Court's factual findings "unless they are plainly arbitrary or there is a lack of substantial evidence to support them." Glenpointe, 241 N.J. Super. at 46. Appellate review of a Tax Court's legal decisions, however, is de novo. N.J. Tpk. Auth. v. Twp. of Monroe, 30 N.J. Tax 313, 318 (App. Div. 2017).

Moreover, the standard of review governing "a motion to dismiss applies to the Tax Court in the same manner as to any other trial court." Passarella v. Twp. of Wall, 22 N.J. Tax 600, 603 (App. Div. 2004) (citing R. 4:1). Pursuant to Rule 4:6-2(e), appellate courts apply a plenary standard of review from a trial court's decision on a motion to dismiss. Sickles v. Cabot Corp., 379 N.J. Super. 100, 105-06 (App. Div. 2005). Therefore, we owe no deference to the Tax Court's conclusions. Rezeem Fam. Assocs., LP v. Borough of Millstone, 423 N.J. Super. 103, 114 (App. Div. 2011). The appellate court's task, then, is to liberally review the pleadings in order to "ascertain whether the fundament of a cause of action may be gleaned even from an obscure statement of claim." Printing Mart-Morristown v. Sharp Elecs. Corp., 116 N.J. 739, 746 (1989) (quoting Di Cristofaro v. Laurel Grove Mem. Park, 43 N.J. Super. 244, 252 (App. Div. 1957)).

Plaintiff challenges the Tax Court's dismissal of his tax appeal pursuant to N.J.S.A. 54:51A-2(c) because the Board was aware of his ongoing challenges to the Mieles's property tax assessment. In addition, plaintiff contends the Tax Court erred in affirming dismissing of his tax appeal because he "present[ed] some proofs as to the true value [of the property] to overcome the presumption that [the] current assessments are valid."

6

N.J.A.C. 18:12A-1.9 governs hearings conducted by County Boards of Taxation. The Code specifically provides that "[i]n the case of failure to appear, the board may dismiss the petition for lack of prosecution." N.J.A.C. 18:12A-1.9(e). Even though the Legislature prescribed a chain of review, N.J.S.A. 54:51A-1 contains limitations on an aggrieved party's right to appeal. The statute provides in relevant part:

> If the Tax Court shall determine that the appeal to the county board of taxation has been (1) withdrawn at the hearing, or previously thereto in writing by the appellant or his agent; (2) dismissed because of appellant's failure to prosecute the appeal at a hearing called by the county tax board; (3) settled by mutual consent of the taxpayer and assessor of the taxing district, there shall be no review. This provision shall not preclude a review by the Tax Court in the event that the appeal was "dismissed without prejudice" by the county board of taxation.
>
> [N.J.S.A. 54:51A-1(c) (emphasis added).]

We have held that while this statutory provision bars further appeal to the Tax Court where there has been a failure to prosecute an appeal, determining "whether there had been such a failure involves a question of fact." Veeder v. Berkley Twp., 109 N.J. Super. 540, 545 (App. Div. 1970). Therefore, if a County Taxation Board dismisses a petition for lack of prosecution, "the Tax Court has the authority to determine, de novo, whether the county board's

dismissal for lack of prosecution was warranted." Princeton All. Church v. Mount Olive Twp., 25 N.J. Tax 282, 285 (2010) (citing Veeder, 109 N.J. Super. at 545); see also VSH Realty, 291 N.J. Super. at 298.

Here, plaintiff does not dispute he appeared "late" and "after the [B]oard hearing ended." At the October 23, 2019, hearing, the judge questioned plaintiff about his failure to prosecute, and therefore, conducted the requisite fact-finding inquiry in granting the Borough's motion to dismiss under N.J.S.A. 54:51A-1(c)(2). The judge's decision was based upon substantial credible evidence in the record, and we reject plaintiff's argument.

Moreover, plaintiff's claim that the judge erred in denying his motion for reconsideration is devoid of merit. Motions for reconsideration shall "state with specificity the basis on which it is made, including a statement of the matters or controlling decisions which counsel believes the court has overlooked or as to which it has erred . . . ." R. 4:49-2; see also R. 8:10 ("The provisions of . . . R[ule] 4:49-2 . . . shall apply to Tax Court matters . . . ."). A litigant must show "that the [c]ourt acted in an arbitrary, capricious, or unreasonable manner." D'Atria v. D'Atria, 242 N.J. Super. 392, 401 (Ch. Div. 1990). "[I]f a litigant wishes to bring new or additional information to the [c]ourt's attention which it could not have provided on the first application, the [c]ourt should, in the

interest of justice (and in the exercise of sound discretion), consider the evidence." Ibid.

In his appellate brief, plaintiff does not address why the judge's decision to deny his motion for reconsideration was arbitrary, capricious, or unreasonable. However, in his notice of appeal, plaintiff states the "[Tax] [C]ourt failed to determine all issues of fact and more [] so, conclusions of law as required by N.J.S.A. 2B:13-3(b)." And in his reply brief, plaintiff asserts "[a]n illegal action by the [c]ourt is always open for reconsideration." We are unpersuaded by plaintiff's arguments.

In plaintiff's letter brief in support of his motion for reconsideration, he claims he was subjected to unethical behavior. Specifically, he claims that the commissioner of the Board and counsel for the Borough "were aware that the [$5500] valuation was previously admitted to being violative of farmland law," and therefore, despite a lack of in-person attendance, plaintiff carried his burden and "overc[a]me the presumption . . . that the assessment was invalid." And, plaintiff contended that the dismissal of his action amounted to "a deliberate, knowing[,] unethical effort to deny [him] due process."

"Critically . . . , reconsideration is not meant to re-litigate issues already decided or otherwise award a proverbial 'second bite at the apple' to a

dissatisfied litigant." 160 Chubb Props., LLC v. Twp. of Lyndhurst, 31 N.J. Tax. 192, 199 (Tax 2019); see also D'Atria, 242 N.J. Super. at 401 ("[M]otion practice must come to an end at some point, and if repetitive bites at the apple are allowed, the core will swiftly sour."). A motion for "[r]econsideration cannot be used to expand the record and reargue a motion." Cap. Fin. Co. of Del. Valley, Inc. v. Asterbadi, 398 N.J. Super. 299, 310 (App. Div. 2008). Rather, "[r]econsideration is only to point out 'the matters or controlling decisions which counsel believes the court has overlooked or as to which it has erred.'" Ibid. (quoting R. 4:49-2).

In his comprehensive opinion, the judge found:

> In the instant motion for reconsideration, [plaintiff] has provided no claims or evidence indicating that this court acted in a way that can be construed as irrational, unreasonable, or arbitrary and capricious. In his moving papers, [plaintiff] made only one statement supported by case law in support of his instant motion for reconsideration, choosing to instead attempt to argue the merits of his dismissed case against the [Mieles]. [Plaintiff] was further provided with the opportunity to argue his motion before the court but likewise did not assert any cognizable legal basis for the reconsideration of the court's decision.
>
> . . . .
>
> Furthermore, when given the opportunity to argue his motion before the Tax Court, [plaintiff] chose instead to repeatedly attempt to argue the merits of his

underlying claim against the [Mieles] and the Borough of Closter. Over the course of the hearing, the court made several attempts to allow [plaintiff] to address the matter at hand[,] but it was to no avail. [Plaintiff] rested his case without offering the court any basis to grant his pending motion for reconsideration.

. . . [I]t is evident that [plaintiff] has not established any basis for the court to reconsider its decision dismissing his complaint under N.J.S.A. 54:51A-1(c)(2). [Plaintiff's] only justification for his failure to appear was that he was late to the hearing before the [Board]. [Plaintiff] does not deny this in his brief in support of his motion or provide any additional justification or facts excusing his absence or otherwise indicating a basis for reconsideration.

The court afforded [plaintiff] every opportunity to provide an adequate justification for his absence and provided a clear explanation for the reasoning behind the complaint's dismissal. [Plaintiff's] dissatisfaction with the court's decision is not grounds for revisiting the same by granting a motion for reconsideration.

Based upon our careful review of the record, we are satisfied that the judge did not abuse his discretion in denying plaintiff's motion for reconsideration.

Lastly, plaintiff argues both the Tax Court and the Board engaged in acts that violated the fundamental fairness doctrine because the Board's valuation of the property is flawed and the judge failed "to provide a trial on the historical record of false valuations." Again, we disagree.

11

The doctrine of fundamental fairness is "an integral part of due process." State v. Saavedra, 222 N.J. 39, 67 (2015). It "protect[s] citizens . . . against unjust and arbitrary governmental action, and specifically against governmental procedures that tend to operate arbitrarily." State v. Shaw, 241 N.J. 223, 239 (2020) (quoting Doe v. Poritz, 142 N.J. 1, 108 (1995)). The doctrine "is applied 'sparingly,' only when 'the interests involved as especially compelling.'" Ibid. (quoting Doe, 142 N.J. at 108). Although the doctrine is frequently invoked at various stages of the criminal justice process, Doe, 142 N.J. at 108, it can be applied "if a defendant would be subject 'to oppression, harassment, or egregious deprivation.'" Saavedra, 222 N.J. at 67 (quoting Doe, 142 N.J. at 108).

We also reject plaintiff's claim that the Tax Court should hear the merits of his argument notwithstanding the Board's dismissal of his appeal for lack of prosecution. Because his petition challenged the property's statutory qualification as farmland, plaintiff asserts the Tax Court has jurisdiction to hear his petition pursuant to N.J.A.C. 18:12A-1.6(p), which provides:

> Notwithstanding the foregoing, the county board of taxation may relax the tax payment requirement and fix such terms for payment of the tax as the interests of justice may require. If the county board of taxation refuses to relax the tax payment requirement and that decision is appealed, the Tax Court may hear all issues without remand to the county board of taxation as the interests of justice may require.

12

We conclude that because the Tax Court lacked the requisite jurisdiction to consider the merits of plaintiff's tax appeal, N.J.S.A. 18:12A-1.6(p) does not apply. Moreover, "[e]ach annual assessment of property for tax purposes is separate and distinct from the assessment for any other year." Jackson Twp. v. Marsyll of B.B., Inc., 3 N.J. Tax 386, 389 (Tax 1981). Therefore, despite the long history of appeals involving the Mieles's property, plaintiff was obligated to timely appear at the June 11, 2019, hearing and prosecute his tax appeal.

Plaintiff also contends that dismissal of his tax appeal deprived him of a property interest protected by procedural due process. He alleges the tax assessor is "a [s]tate actor under color of [s]tate law" who "should have disclosed to the Commissioner at the hearing that her valuation of [$5500] for year 2019 was incorrect and provided explanation for h[er] evaluation or not seek dismissal . . . ."

Any procedure that has the effect of depriving an individual of a property interest must conform with the due process clause. Mathews v. Eldridge, 424 U.S. 319, 333 (1976). Our "[Supreme] Court consistently has held that some form of hearing is required before an individual is finally deprived of a property interest." Ibid. When determining whether the administrative procedures available to an aggrieved party are constitutionally sufficient, a court must

13

balance: (1) the nature of the private interest involved; (2) the risk of an erroneous deprivation through the procedures used and the value of any additional safeguards; and (3) the nature of the governmental interest involved. Id. at 335.

A plaintiff asserting a violation of due process "must show that the defendant deprived him of a protected property interest and that the local and state procedures for challenging the deprivation were inadequate." Plemmons v. Blue Chip Ins. Servs., Inc., 387 N.J. Super. 551, 566 (App. Div. 2006). The state must provide "reasonable remedies to rectify a legal error by a local administrative body," and "the claimant must either avail himself of the remedies provided by state law or prove that the available remedies are inadequate." Ibid. (citations omitted). "Consequently, '[a] state cannot be held to have violated due process requirements when it has made procedural protections available and the plaintiff has simply refused to avail himself of them.'" Ibid. (quoting Alvin v. Suzuki, 227 F.3d 107, 116 (3d Cir. 2000)).

Here, plaintiff has not demonstrated that the procedures for challenging the Mieles's 2019 tax assessment were inadequate. As discussed above, the Legislature developed a statutory scheme that included a chain of review for aggrieved parties. Macleod v. City of Hoboken, 330 N.J. Super. 502, 506 (App.

14

Div. 2000). This statutory scheme is a "comprehensive mosaic of procedural safeguards" that protects the rights of litigants who wish to challenge property tax assessment. McMahon v. City of Newark, 195 N.J. 526, 543 (2008). Failure to comply with the statutory requirements may result in a "fatal jurisdictional defect," as in the matter under review. See id. at 544. Plaintiff's failure to appear at the June 11, 2019 hearing, and prosecute his claim resulted in the proper dismissal of his claim pursuant to N.J.A.C. 18:12A-1.9(e). Because of this disposition and plaintiff's failure to provide a reason for his failure to prosecute, the Tax Court lacked jurisdiction pursuant to N.J.S.A. 54:51A-1(c). We discern no due process violation. Plaintiff's remaining arguments lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION