BERTHA S. CARTY, PLAINTIFF-RESPONDENT, v. HERBERT McELWEE, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued July 26, 1954—Decided August 12, 1954.

Before Judges WOODS, KNIGHT and SULLIVAN.

*Mr. Charles Crabbe Thomas* argued the cause for appellant (*Mr. John S. Conroy, 3rd,* attorney "On the Brief").

*Mr. Martin L. Haines* argued the cause for respondent (*Messrs. Dimon, Haines & Bunting,* attorneys).

The opinion of the court was delivered by

SULLIVAN, J. S. C. (temporarily assigned). This action arises out of an intersection automobile accident which occurred on Route 130 in the City of Burlington between vehicles owned and operated by the plaintiff and defendant respectively. Cross-actions for property damages were filed by both parties. On the morning of the trial the defendant-counterclaimant asked for an adjournment of the trial on the ground that an alleged eyewitness to the accident who had promised to appear in court and testify had failed to do so. This was defendant's first request for an adjournment in the case. Upon inquiry by the court, the attorney for the defendant admitted that although the witness was amenable to process he had not subpoenaed him but had depended upon the witness' promise to appear. No reason or excuse for the witness' absence being given, the court denied the motion for an adjournment. Counsel then requested that the court continue the hearing pending receipt of the testimony of said witness. This request was also denied and the trial held.

The plaintiff and defendant both testified as to their version of the accident and a police officer called by plaintiff

testified to certain admissions made by the defendant immediately after the accident as well as to the location of the debris resulting from the crash on the highway. At the conclusion of the case the judge found for the plaintiff.

The sole ground of appeal is that the judge should have adjourned the case or at least continued the hearing.

■■■ An application for an adjournment or continuance based upon the absence of a witness is addressed to the sound discretion of the trial judge. There is nothing in this case to indicate that the judge acted arbitrarily. The defendant failed to utilize available judicial machinery for insuring the witness' appearance so that he cannot now urge the witness' failure to appear as a reason for adjournment. Although it is *dehors* the record, the defendant's brief states that the witness in question simply stayed away on the advice of his insurance carrier. The trial judge did not abuse his discretion. Plaintiff and her attorney and witness were present in court and ready to try the case. It is problematic as to what the missing witness' testimony would have been because it appears that plaintiff attempted, without success, to subpoena the same person as a witness. Defendant made no offer of proof of what the witness would have testified to so that there is nothing before the court to show that he was a material witness or that his testimony would have been favorable to defendant.

"Moreover, a motion for a continuance made during the trial of a district court case, upon the ground of the absence of a witness is addressed to the sound discretion of the trial judge, to be exercised with a view to the manifest rights of the parties and the prevention of injustice and oppression under all the circumstances of the case, and the appellate court will not interfere with the exercise of this discretion unless the action of the trial court is plainly erroneous, and is a clear abuse of its discretion." *Michael v. Southern Lumber Co.*, 101 *N. J. L.* 1, *page* 4 (*Sup. Ct.* 1924).

The only cases called to our attention where a trial judge has been reversed for failure to grant an adjournment or continuance to a party whose witness failed to appear are those where the witness was shown to be vital and the appel-

lant had been diligent in the preparation of his case. In *Pepe v. Urban*, 11 *N. J. Super.* 385 (*App. Div.* 1951), for example, the witness had been subpoenaed but could not appear on the trial date. In *Steiginga v. Thron*, 30 *N. J. Super.* 423 (*App. Div.* 1954), the last minute refusal of a non-resident expert witness to appear and testify was held to present a clear case requiring an adjournment.

If defendant's contention on this appeal were correct, a party to an action would not be under any obligation to issue subpoenas to his witnesses unless and until they had failed to appear at the trial. The further contention that in such a situation the same party would then be entitled, as a matter of right, to an adjournment or continuance, so that he could then issue subpoenas to his missing witnesses, is without merit.

Judgment affirmed.