**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1795-23

TANNIA M. WINSTON,

    Plaintiff-Appellant,

v.

7-ELEVEN, INC.,

    Defendant-Respondent,

and

2380 SLETTNES CAPITAL, LLC,

    Defendant.

_____

           Argued September 10, 2025 – Decided September 18, 2025

           Before Judges Rose and DeAlmeida.

           On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Docket No. L-0611-19.

           Tannia M. Winston, appellant, argued the cause pro se.

           Amy L. Hansell argued the cause for respondent (Freeman Mathis & Gary, LLP, attorneys; Daniel M. Young and Amy L. Hansell, on the brief)

PER CURIAM

Self-represented plaintiff Tannia M. Winston appeals from a January 23, 2024 Law Division order dismissing her complaint against defendant 7-Eleven, Inc. at the close of plaintiff's case under Rule 4:37-2(b).[1]  In her overlapping arguments on appeal, plaintiff claims the trial judge issued conflicting instructions, curtailing her right to testify about the cause of her alleged injuries and denying her rights under the Sixth and Fourteenth Amendments.[2]  She also claims the judge failed to grant her a continuance to call her witnesses.  Having considered plaintiff's contentions in view of the limited record provided on appeal[3] and governing legal principles, we affirm.

Plaintiff's cause of action was based on her alleged "slip and trip" at defendant's convenience store.  Plaintiff was represented by counsel throughout

---

[1]  For reasons that are not relevant here, trial court dismissed with prejudice plaintiff's claims against defendant 2380 Slettnes Capital, LLC (SLC). Accordingly, SLC is not a party to this appeal.

[2]  Plaintiff's point headings fail to "include in parentheses at the end of the point heading the place in the record where the opinion or ruling in question is located or if the issue was not raised below a statement indicating that the issue was not raised below." R. 2:6-2(a)(1).

[3]  In her merits brief, plaintiff references pretrial hearings conducted on January 16, and 17, 2024, but did not provide us transcripts of these hearings.

A-1795-23

the pleading and discovery stages of the litigation but her attorney was relieved on a third motion before trial. Plaintiff thereafter elected to represent herself.

Prior to opening statements on January 18, 2024, the trial judge granted defendant's application to limit plaintiff's testimony about her pain from the date of the incident, October 30, 2017, to an emergency room visit on November 16, 2017, when she was treated for a separate slip and fall presumably at another store. The judge's decision rested on plaintiff's failure to retain an expert witness to testify about causation of her alleged injuries.[4]

Also on January 18, 2024, plaintiff informed the judge she attempted to contact witnesses but they "put [her] on hold." Plaintiff asked the judge whether the trial "could be extended," presumably to contact her witnesses. Noting the jurors were informed the trial would last three days, the judge explained if plaintiff testified that morning her witnesses were required to testify that afternoon.

That same morning, plaintiff testified she entered a 7-Eleven in Jersey City on a rainy day in October 2017, to purchase a cup of coffee. Plaintiff claimed, as she entered the store, her foot was caught under a large "object on

---

[4] Conversely, during opening statements, the defense explained if called to testify, defendant's witnesses would explain "there is no biological explanation for [plaintiff]'s complaints."

A-1795-23

the floor," she fell forward, stiffened up, and locked her knee to avoid falling. An employee "quickly grabbed the object and ran it [sic] out of the building." Plaintiff stated she "limped out of the store" and boarded a bus to the emergency room where "a cast" was placed on her "leg." On cross-examination, however, plaintiff acknowledged the hospital gave her a "knee immobilizer"; her leg was not placed in a cast.

At the conclusion of her testimony, plaintiff rested and defendant moved for an involuntary dismissal under Rule 4:37-2(b). Defendant argued plaintiff failed to satisfy her burden of proving liability. In particular, defendant contended plaintiff failed to demonstrate "there was a condition in the store that was unreasonably dangerous" or the store was on notice of "whatever condition" plaintiff claimed caused her to trip. Defendant also argued plaintiff failed to demonstrate the accident was the proximate cause of her alleged damages.

Plaintiff countered defendant knew the object was on the floor because an employee grabbed it and commented about its improper placement at the entrance. Plaintiff tacitly acknowledged she did not present the testimony of any witnesses to testify about the object's placement or duration at the entry. Inexplicably, however, plaintiff claimed the judge forbade her from explicitly

testifying she tripped on "cardboard" because she was unable to present expert testimony concluding the object was cardboard.

In her oral decision granting the motion, the trial judge cited plaintiff's testimony in view of the governing rule and found plaintiff failed to establish defendant "knew or should have known of this alleged dangerous condition and failed to use a reasonable degree of diligence and care with respect to whatever this object was."  Relevant to the issues raised on appeal, the judge addressed plaintiff and elaborated:

> There was no testimony about what the object was. And I want the record to be clear.  At no point were you told you could not tell the jury what object caused you to slip.  You said it was a large object.  It was not clear to the jury what that object was.  There was though [sic[5]] testimony about how long it was there or who put it there.  Despite the fact that someone from 7-Eleven, an employee, may have removed it after your incident does not establish that 7-Eleven is responsible for the placement of that object or that -- how long it had been there or that they knew it was there and that they were not exercising reasonable care in their failure to remove it.

We review a trial court's decision on a motion for involuntary dismissal pursuant to Rule 4:37-2(b), by applying the same standard as the trial court.  See

---

[5]  It appears from the context of the decision, the judge stated, or intended to state, "no" and not "though."

A-1795-23

ADS Assocs. Grp., Inc. v. Oritani Sav. Bank, 219 N.J. 496, 511 (2014). "A motion for involuntary dismissal is premised 'on the ground that upon the facts and upon the law the plaintiff has shown no right to relief.'" Id. at 510 (quoting R. 4:37-2(b)). "The 'motion shall be denied if the evidence, together with the legitimate inferences therefrom, could sustain a judgment in plaintiff's favor.'" Ibid. (quoting R. 4:37-2(b)). Thus, "[a] motion for involuntary dismissal only should be granted where no rational juror could conclude that the plaintiff marshaled sufficient evidence to satisfy each prima facie element of a cause of action." Godfrey v. Princeton Theological Seminary, 196 N.J. 178, 197 (2008).

To sustain a negligence claim, a plaintiff must demonstrate: (1) a duty of care, (2) that the duty has been breached, (3) proximate causation, and (4) injury. Townsend v. Pierre, 221 N.J. 36, 51 (2015). The plaintiff bears the burden of proving negligence, see Reichert v. Vegholm, 366 N.J. Super. 209, 213 (App. Div. 2004), and "must prove that unreasonable acts or omissions by the defendant proximately caused his or her injuries," Underhill v. Borough of Caldwell, 463 N.J. Super. 548, 554 (App. Div. 2020).

The required elements of a negligence claim in the context of a business invitee's fall at a defendant's premises are well established. A plaintiff must prove by a preponderance of the evidence: (1) defendant's actual or constructive

A-1795-23

notice of a dangerous condition; (2) lack of reasonable care by defendant; (3) proximate causation of plaintiff's injury; and (4) damages.  See Hopkins v. Fox & Lazo Realtors, 132 N.J. 426, 434 (1993); see also Nisivoccia v. Glass Gardens, Inc., 175 N.J. 559, 563 (2003).

Owners of premises generally are not liable for injuries caused by defects for which they had no actual or constructive notice and no reasonable opportunity to discover.  Nisivoccia, 175 N.J. at 563.  The absence of such notice "is fatal to [a] plaintiff's claims of premises liability." Arroyo v. Durling Realty, LLC, 433 N.J. Super. 238, 243 (App. Div. 2013).  The mere occurrence of an incident causing an injury is not alone sufficient to impose liability.  Long v. Landy, 35 N.J. 44, 54 (1961).

In the present matter, the record before us supports the judge's decision that plaintiff failed to produce any evidence demonstrating defendant had actual or constructive notice of the condition that allegedly caused her to trip on the date of the incident.  Plaintiff raises no issues on appeal that warrant discussion, R. 2:11-3(e)(1)(E), beyond the brief comments that follow.

Referencing the January 16, and 17, 2024 pretrial conferences, plaintiff claims the judge issued "conflicting instructions of what words would be allowed for her to state and words she couldn't say during the trial based on the

fact that [her] expert witness was not present or was not available to appear on . . . January 18, 2024 to testify." As noted, however, plaintiff failed to provide the transcripts of the January 16, and 17, 2024 pretrial hearings as required by Rule 2:5-4(a). That deficiency prohibits a review of her challenge to the January 23, 2024 order, leaving us no alternative but to affirm. See Cipala v. Lincoln Tech. Inst., 179 N.J. 45, 55 (2004).

Nor does the record provided on appeal support plaintiff's argument that the judge erroneously denied her request to continue the trial. We review the court's decision on a request for a continuance for abuse of discretion. See Pepe v. Urban, 11 N.J. Super. 385, 389 (App. Div. 1951); see also Escobar-Barrera v. Kissin, 464 N.J. Super. 224, 233 (App. Div. 2020). It is unclear from the record whether plaintiff subpoenaed any witnesses to testify on her behalf or that their testimony would have been favorable or vital to plaintiff. See Carty v. McElwee, 31 N.J. Super. 532, 534 (App. Div. 1954). Instead, the record reveals plaintiff told the judge her unspecified witnesses "put [her] on hold" for an indeterminate time. On this record, we discern no error in the judge's denial of plaintiff's request.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Hanley

Clerk of the Appellate Division

A-1795-23